[L. A. No. 17035. In Bank.—April 16, 1941.]

HENRY L. KAMPER, Appellant, v. EVALYN KAMPER WALDON et al., Respondents.

I. Henry Harris and John K. Ford for Appellant.

Caryl Warner for Respondents.

SHENK, J.—This is an appeal from a judgment for the defendant in an action for declaratory relief.

On October 27, 1934, the plaintiff and the defendant, then husband and wife living in a state of separation, entered into a property settlement agreement. In consideration of the mutual covenants therein contained, it was agreed that the custody of the four minor children of the parties be given to the defendant wife; that the plaintiff husband pay the defendant the sum of $30 a month for the support and maintenance of said minor children, such payments to commence immediately and to continue as long as the youngest child, Edith, "should live and be under the age of twenty one years"; that each party release all interest and claim to any and all property of the other; and that the defendant relinquish any claim to alimony. Subsequently the defendant obtained a divorce from the plaintiff. Neither the interlocutory nor the final decree made any reference to the aforesaid agreement and no provision was made in either decree for the support of the minor children nor for alimony payments to respondent.

The plaintiff made the monthly payments required under the agreement until December 23, 1937. At that time three of the children had reached their majority, and Edith, though but seventeen years of age, had been lawfully married for a period of one month. Thereupon the plaintiff notified the defendant that he would no longer pay the specified amount because of Edith's marriage. On April 30, 1938, the defendant filed suit in the justice court for money allegedly due

under the agreement. The plaintiff then commenced the present action in the superior court for declaratory relief and obtained a preliminary injunction restraining the defendant from prosecuting the action in the justice's court pending the determination of this matter in the trial court. Upon the trial, the preliminary injunction was dissolved and judgment went for the defendant. The appeal is from the judgment.

■ It is urged by the plaintiff that the lawful marriage of Edith resulted in her emancipation from parental control and operated to relieve him from his legal duty to support her. In support of this contention the plaintiff relies upon decisions of other jurisdictions and on section 204 (2) of the Civil Code, which provides: "The authority of a parent ceases . . . upon the marriage of the child." It is then argued that the cited section became part of and abrogated the agreement in so far as its terms purported to impress an obligation of support after Edith's marriage. This conclusion follows, so the plaintiff asserts, from an application of the rule that laws in existence when an agreement is made enter into and form a part of the agreement as fully as if expressly incorporated therein. It may be assumed, in the absence of an agreement to the contrary, that a parent is released from the legal duty of support upon the complete emancipation of a minor child, as by its lawful marriage. (See *Perkins* v. *Westcoat*, 3 Colo. App. 338 [33 Pac. 139]; *Texas Employers' Ins. Assn.* v. *Birdwell*, (Tex. Civ. App.) 39 S. W. (2d) 159; *Going* v. *Going*, 8 Tenn. App. 690.) But neither the cases nor the code section relied upon purport to limit the obligation of support otherwise voluntarily assumed. Upon sufficient consideration the parent may agree and be bound to do more than the statute requires, so long as the additional obligation is not contrary to nor inconsistent with the statutory provision.

■ The plaintiff contends that inasmuch as a father is required by statute to support his minor children, his agreement of support was without consideration for the reason that he there promised to do no more than he was already legally bound to do. The contention assumes that the statute is the measure of his right to contract. The assumption may not be indulged. There is no such limitation in the statute or otherwise in the law. There are numerous respects in

which the consideration for the plaintiff's promise was legally sufficient. Section 159 of the Civil Code recognizes the right of husband and wife to agree to an immediate separation and make provision for the support of "their children during such separation." Section 160 of the same code then provides: "The mutual consent of the parties is a sufficient consideration for such an agreement as is mentioned in the last section." Under these code sections the agreement of separation in question is in and of itself a sufficient consideration for the plaintiff's promise. The fact that a separation had taken place prior to the execution of the contract presents no difficulty. It has been held that the provisions of the foregoing code sections which, in terms, apply only to agreements for immediate separation, are equally applicable to agreements for support entered into after a separation has taken place. (*Brown* v. *Brown,* 83 Cal. App. 74 [256 Pac. 595].)

The promise of the defendant to release all of her interest and claim in and to the property of the plaintiff and to relinquish all claim against the plaintiff for alimony in the event of a divorce likewise affords sufficient consideration for the plaintiff's promise. Even if material to the controversy, a point we do not decide, there was no showing that the daughter Edith, though married, was not in need of support, and it may not be assumed, as a matter of law, that the marriage caused her need for support to disappear. The record shows and the trial court found that the defendant has continued to assist in the support of the daughter since her marriage. There is nothing in the law to prevent a parent from contracting to support a child, minor or adult, married or unmarried. And when the agreement, as here, is founded upon sufficient consideration, the contractual obligation is not measured by legal duties otherwise imposed. No principle of public policy intervenes to prevent such a contract and the courts have no right by a process of interpretation to release one of the contracting parties from disadvantageous terms actually agreed upon.

No sound reason has been advanced why plaintiff should be relieved from the provisions of his agreement and the judgment of the trial court should not be disturbed.

The judgment is affirmed.

Carter, J., Curtis, J., Edmonds, J., Traynor, J., and Gibson, C. J., concurred.