[Civ. No. 32436.   Second Dist., Div. One.   Dec. 28, 1967.]

WILLIAM MILLARD SHELDON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FRANCES HELEN SHELDON, Real Party in Interest.

Jack R. Berger for Petitioner.

No appearance for Respondent.

Falls & Langford and Dell L. Falls for Real Party in Interest.

McCOY, J. pro tem.*—This is a proceeding to review an order of the Superior Court for Los Angeles County adjudging the defendant, petitioner here, guilty of contempt of court. The order was made October 2, 1967, in action number NO D 146, entitled Frances Helen Sheldon v. William Millard Sheldon. We have taken judicial notice of the file in that action pursuant to section 459 of the Evidence Code.

Plaintiff filed her action for a divorce in May 1963. Defendant defaulted and the matter was heard on November 25 of that year at which time the court found that plaintiff was entitled to an interlocutory judgment of divorce, approved the property settlement agreement, and ordered the executory provisions of the agreement incorporated in the judgment. So far as we are concerned here, the interlocutory judgment filed December 9 and entered December 11, 1963, awarded to plaintiff custody of William Frank Sheldon, born June 6, 1945, and Geoffrey Nelson Sheldon, born February 26, 1948, and provided for their support as follows: "Defendant is ordered to pay plaintiff as and for the support of said minor children the sum of $230.00 per month per child, or a total of $460.00 per month, payable $230.00 on the 5th day of each month and $230.00 on the 20th day of each month, commencing on the 5th day of December, 1963, and pursuant to said property settlement agreement said payments are to continue until the oldest child, WILLIAM FRANK SHELDON, shall have reached the age of 25 years and the youngest child, GEOFFREY NELSON SHELDON, shall have reached the age of 23 years, or until said child dies or until further order of this Court."[1] The final judgment of divorce, filed February 23, 1965, at the request of defendant makes no change in the provisions of the interlocutory judgment.

On May 8, 1967, the court heard defendant's order to show cause why the interlocutory judgment should not be modified, and after a "conference in chambers, pursuant to stipulation," the interlocutory judgment was modified to provide a

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1] The agreement to make these payments, as contained in the property settlement agreement, is prefaced by the following language: "In as much as it is contemplated that both of the minor children shall go through college it is hereby further agreed that the care, custody, control and education of said minor children, WILLIAM FRANK SHELDON, born June 6, 1945 and GEOFFREY NELSON SHELDON, born February 26, 1948, shall be and the same is hereby given to the first party for a period of eight years from date without any interference whatsoever on the part of the second party. It being understood that this will in no way interfere with their rights as adults after they have attained the age of 21."

different schedule of payments for the support and education of the two boys in the future. Just who was present at the conference in chambers does not appear in the record.

On the same day, May 8, 1967, plaintiff filed an order requiring defendant to show cause on May 22 why he should not be adjudged guilty of contempt ''for wilfully disobeying the order heretofore made on the 25th day of November, 1963.'' This order is based on plaintiff's declaration alleging that as of May 8, 1967, defendant was in default in his payments as provided in the order of November 25, 1963, in that he had not made the payments for child support due April 5, April 20 and May 5, 1967, each in the sum of $230.00. With respect to this order to show cause the minute order of May 8 reads: ''Pursuant to stipulation the Order to Show Cause re contempt [is] advanced from May 22, 1967 to be heard at this time. . . . The Order to Show Cause re contempt is continued to September 11, 1967 at 9:30 A.M. and is to go off calendar at that time if the arrearages are paid in full.'' The ''arrearages'' are not specified in the order.

On September 11 the order to show cause was called for hearing and, on motion of the attorneys for both parties, was continued to October 2 at 9:30. Although defendant states that he did not appear on September 11, either in person or through counsel, ''because the arrearages had been paid in full'' and he assumed that the matter would go off calendar, the record shows that petitioner's counsel did appear on that date. However, there is nothing in the file of the trial court indicating that defendant made any showing before the trial court either then or later that the ''arrearages'' had been paid in full.[2]

The order here under review was made October 2, 1967. It reads: ''Order to Show Cause re contempt is called for hearing. The arrearage is found to be the sum of $69.00 [*sic*]. The Court finds the defendant in contempt on three counts. The matter of sentencing is continued for 43 days or until Tuesday, November 14, 1967 at 9:00 A.M., Dept NW L.'' The minute order indicates that plaintiff was present on that occasion, but that defendant was not, and that both parties were

---

[2]Attached to plaintiff's answer to the petition for a writ of review as Exhibit E is a copy of what purports to be a declaration executed by defendant on September 26, 1967, allegedly filed with the court, in which he states under oath that he had paid the sum of $690.00 to plaintiff between May 15 and August 23, 1967. The original of this document is not in the file of the trial court transmitted to us by its clerk and consequently cannot be considered here for any purpose.

represented by their attorneys. On October 5 the minute order of October 2 was amended *nunc pro tunc* to substitute the figure "$690.00" in place of the figure "$69.00."

We are satisfied that the order adjudging defendant in contempt of court must be annulled for several reasons appearing on the face of the record.

The order of May 8, 1967, required defendant to show cause why he should not be adjudged in contempt for wilfully disobeying the order of November 25, 1963, requiring him to make certain payments for the support of the children. No such order was made on November 25, 1963.[3]

Assuming that the contempt proceedings may be considered as relating to the interlocutory judgment filed December 9, 1963 (which is at least debatable), a further problem arises. As we have seen, that judgment ordered defendant to pay plaintiff $230 per month for each child, and that "pursuant to said property settlement agreement" these payments were to continue until William Sheldon reached the age of 25 years and Geoffrey Sheldon reached the age of 23 years. Under section 139 of the Civil Code, the court had authority to provide for the support of these children only during their minority.

While it was proper for the court to include in the judgment a provision pursuant to the property settlement agreement that defendant's payments for the support of William should continue after his 21st birthday on June 6, 1966, until his 25th birthday on June 6, 1970, it could do so only by virtue of that agreement. Whether that agreement was an integrated agreement or not we need not here decide. It is enough to point out that defendant's failure to make any payments for the support of William after June 6, 1966, was no more than a breach of contract which cannot be punished as a contempt, even though that provision of the agreement was incorporated in the interlocutory judgment. (*Hull* v. *Superior Court*, 54 Cal.2d 139, 144-145 [5 Cal.Rptr. 1, 352 P.2d 161].)

As to the other defects in the proceedings and in the order adjudging defendant in contempt of court, it would serve no useful purpose to repeat here the rules which must be followed in such cases which have been repeated in case after case for the guidance of all concerned. It is enough to

---

[3] The minute order of November 25, 1963, reads: "Plaintiff and William Sheldon sworn and testify. Interlocutory judgment of divorce is granted to the plaintiff. The property settlement agreement heretofore admitted and filed is approved and the executory provisions ordered incorporated in the judgment. The Clerk is ordered to enter the judgment."

say here that no formal hearing was had on the order to show cause, no witnesses were called and no evidence was introduced to prove the charges made in plaintiff's declaration on which the order to show cause was based. That declaration could not be considered by the court except as a pleading unless it was offered and received in evidence. More particularly, no evidence has been called to our attention to support the statement in the minute order of October 2, 1967, as corrected October 5, that ''The arrearage is found to be the sum of $690.00''; nor is there any finding that, on October 2, the day he was adjudged to be in contempt of court, or at any other time, defendant had the ability to pay the amounts set forth in plaintiff's declaration.

In support of the order of October 2 adjudging defendant in contempt, plaintiff represents to this court in the verified answer to the petition before us that on May 8, 1967, defendant's counsel agreed at the conference in chambers ''and later in open court,'' that the petitioner was in arrears in the sum of $690 for the three payments due as alleged in plaintiff's declaration. It is further represented that on that occasion ''petitioner agreed that he was in contempt.'' None of these statements are borne out by the record and cannot be considered as evidence.

The order of October 2, 1967, as corrected by the order of October 5, 1967, adjudging petitioner guilty of contempt of court is annulled, and the respondent court is ordered to take no further proceedings with reference to the order to show cause re contempt issued May 8, 1967.

Wood, P. J., and Fourt, J., concurred.