[Civ. No. 15157. Fourth Dist., Div. Two. Sept. 2, 1975.]

In re the Marriage of PATRICIA M. and GEORGE E. PILCHER.
GEORGE E. PILCHER, Appellant, v.
PATRICIA M. PILCHER, Respondent.

COUNSEL

Harold King for Appellant.

Peccorini & Leamy and William P. Leamy for Respondent.

OPINION

THE COURT.*—Appellant appeals from an order denying his request to terminate child support payments for his son who reached the age of 18 years on May 29, 1974.

The parties hereto were married May 18, 1945, and on March 24, 1972, the court awarded an interlocutory judgment of dissolution of marriage, which was signed and entered on April 14, 1972. Custody of the son was awarded to respondent, and provided, inter alia, as follows:

"Petitioner shall pay to respondent, as and for support for said child, the sum of $150.00 per month payable on the fifth day of each and every month, commencing April 5, 1972, and continuing until such time as said minor child either dies, marries, becomes emancipated, reaches the age of 21 years, or until further order of this court."

The final judgment was granted on April 14, 1972, incorporating the interlocutory provisions.

Appellant made the child support payments regularly until his son reached the age of 18 years, at which time appellant, believing his son was no longer a minor and was emancipated, discontinued the child support payments.

Respondent secured a writ of execution to collect the support accruing after the son's 18th birthday. Appellant then petitioned for modification of the interlocutory judgment by terminating the child support provision on the ground his son was no longer a minor.

At the hearing on the order to show cause, the case was submitted on financial declarations and declarations of both parties and their attorneys. No court reporter was present and there is no reporter's transcript of the proceeding.

---

*Before, Gardner, P. J., Tamura, J., and McDaniel, J.

Consequently, the appeal is on the judgment roll alone. (Code Civ. Proc., § 670.) Accordingly, only matters appearing on the clerk's transcript are to be considered. (6 Witkin, Cal. Procedure (1971) Appeal, § 372, p. 4344; *Avina* v. *Spurlock,* 28 Cal.App.3d 1086, 1088 [105 Cal.Rptr. 198].)

In denying modification, the court found that at the time of the dissolution hearing, the parties had stipulated and agreed in open court (1) that appellant would support the minor son " 'until he becomes emancipated or reaches the age of 21 years,' and (2) that the $4,000 [paid to respondent] was to equalize the distribution of the property." In so finding, the court stated he had not been cited to, nor could he find, any authority to the effect that parties could not contract after March 4, 1972, to support a child for any period which extends beyond the child attaining age 18. He then determined a valid agreement had been reached, having proper parties, mutual assent, consideration, and proper subject matter; that said agreement had been incorporated in the judgment of dissolution, which was final.

On appeal, appellant contends (1) the court was without jurisdiction to provide for child support beyond the age of 18 years; (2) the son was emancipated as a matter of law on May 29, 1974, when he reached the age of 18 years; and (3) creating a distinction between fathers of children whose judgments of divorce or dissolution were granted prior to March 4, 1972, and those obtaining judgments after said date is discriminatory to both the father and the children, and is unconstitutional.

■ Initially, appellant argues the decree containing the child support order was made after March 4, 1972, the effective date of Civil Code section 25, lowering the age of majority from 21 years to 18 years. It is his position that by reason thereof the court was without jurisdiction to extend the payments beyond May 29, 1974, the day his son reached the age of 18 years. Thus, he alleges, the order was void.

Appellant relies on Civil Code section 204, and Civil Code section 4700, subdivision (b) in support of such contentions: Civil Code section 204, in pertinent part, provides: "The authority of a parent ceases: . . . 3. Upon its [the child] attaining majority."

Section 4700, subdivision (b), provides in pertinent part: "When a court orders a person to make specified payments for support of a child during the child's minority, or until such child is married or otherwise

emancipated, the liability of such person terminates upon the happening of such contingency. . . ."

Appellant concedes that up to the time the within appeal was processed, no case had been decided directly in point with the question raised here, i.e.: Is a parent required to continue support payments after the minor reaches 18 years of age, where such order provides the payments shall continue to age 21, or until further order of the court, and where said order was made and entered after March 4, 1972? All cases cited by appellant concerned orders made and entered prior to March 4, 1972. (*In re Marriage of Crookshanks,* 41 Cal.App.3d 475 [116 Cal.Rptr. 10]; *Atwell* v. *Atwell,* 39 Cal.App.3d 383 [114 Cal.Rptr. 324]; *In re Marriage of Phillips,* 39 Cal.App.3d 723 [114 Cal.Rptr. 362].)

In *Phillips, supra,* the order provided support was to continue "until each of said children shall become self-supporting, emancipated, married, deceased or reaches the age of 21 years or otherwise modified by the court."

In the case at bench, the support order contained the following language: "until such time as said minor child either dies, marries, becomes emancipated, reaches the age of 21 years, or until further order of the court." With the exception of the words "self-supporting" in *Phillips,* the wording of the two orders is almost identical.

The *Phillips* court in interpreting the language of the order before it, found the minor was emancipated as a matter of law when the statute was enacted changing the age of majority to 18 years and when the minor reached said age. In so holding, it drew a distinction between orders terminable upon emancipation as well as upon majority, and those terminable on majority alone, holding only the latter fell within the sweep of legislation continuing child support under a pre-March 4, 1972, order to age 21 or until modified. (*In re Marriage of Phillips, supra,* 39 Cal.App.3d 723, 728.)

In *Ganshow* v. *Ganshow,* 14 Cal.3d 150 [120 Cal.Rptr. 865, 534 P.2d 705], the Supreme Court expressly disapproved the *Phillips'* decision insofar as it found such distinction in pre-March 4, 1972, orders holding it contravened the legislative intent. The court stated in *Ganshow* that *all* pre-March 4, 1972, orders should continue to age 21, unless amended to reflect the new age of majority where such amendment was proper under the facts and circumstances of the particular case. (*Ibid.,* p. 157, fn. 7.)

The *Ganshow* court reviewed the relevant legislation modifying sections of the Civil Code to reflect the new age of majority and to change the termination of parental support obligations from age 21 to 18 years, absent special circumstances. The court stated, "Thus, as of the effective date of this legislation, a parent's legal responsibility to provide for the support of his or her offspring terminates, as a general rule, when the child attains the age of 18 years. (*Ibid.,* p. 155, fn. 4; see Civ. Code, §§ 241, 242, 243.)

"Furthermore, a court entering a support order after March 4, 1972, may not provide for continuation of the obligation past the new age of majority. In actions brought to annul or dissolve a marriage, the court has jurisdiction to 'make such orders as are appropriate concerning . . . the custody and support of *minor* children of the marriage . . . .' (§ 4351, italics added; see also § 4453.)" (*Ganshow v. Ganshow, supra,* 14 Cal.3d 150, 155, fn. 4.) Thus appellant's position the court was without jurisdiction to make an order after March 4, 1972, continuing support payments beyond his son's 18th birthday is well-taken under the *Ganshow* decision, absent special circumstances.

Respondent in effect alleges there are such special circumstances here. The court in denying modification found the support payments had been awarded pursuant to an oral agreement of the parties. Respondent argues there is no prohibition or authority denying parents the right to contract after March 4, 1972, to continue support payments beyond the age of 18 years.

"Upon sufficient consideration, the parent may agree and be bound to do more than the statute requires, so long as the additional obligation is not contrary to nor inconsistent with the statutory provision. . . . [¶] There is nothing in the law to prevent a parent from contracting to support a child, minor or adult, married or unmarried. And when the agreement . . . is founded upon sufficient consideration, the contractual obligation is not measured by legal duties otherwise imposed." (*Kamper v. Waldon,* 17 Cal.2d 718, 720, 721 [112 P.2d 1].)

In the case at bench, the lower court relied on the minute order made at the time of the interlocutory hearing wherein it was purportedly stated the parties had stipulated and agreed to certain provisions relative to community property, custody and support of the minor. It was the court's determination such stipulations constituted a valid oral agreement with proper parties, mutual assent, proper consideration, and subject matter.

The trial court pointed out the interlocutory judgment had been prepared by appellant's counsel, and that respondent's counsel had indicated his approval as to form and content of the decree. Thus, it determined appellant was estopped to deny that the parties intended "the further education of Robert was to continue until Robert was 21 years old," inasmuch as the contract had been made a part of the judgment of dissolution, which had become final. Additionally, the court pointed to the fact the decree was entered after the effective date of the statute lowering the age of majority, and the parties must be presumed to have had the law in mind at the time the contract was made. It further determined Robert was therefore not emancipated despite *In re Marriage of Phillips, supra,* 39 Cal.App.3d 723.)

However, the record before us does not support the foregoing findings. The minute order relied upon by the trial court is not contained in the record on appeal. Furthermore, it antedated the interlocutory decree, thus it was superseded thereby. (See *Kornblatt* v. *Kornblatt,* 9 Cal.App.3d 619, 623, fn. 2 [88 Cal.Rptr. 438].)

There is no language in the decree incorporating the purported agreement expressly or by reference. There is no physical incorporation of any agreement either in the body or as an exhibit. The provision regarding child support contains no suggestion it was to continue to age 21 years for the purpose of assisting in education expenses of the minor. There is no cross-reference between the paragraph providing child support and the paragraphs relating to property division, or that it was in consideration of any other provision. The child support provision expressly states it was to continue, among other contingencies, "until further order of the court."

"Where, as here, no extrinsic evidence was presented to the trial court, the trial court's construction of the agreement is not conclusive on this court. . . [¶] The divorce. court is not bound to accept the parties' agreement with respect to child support, but may reject it and make its own order. And the order remains that of the court even though the terms of the order, as to amounts and times of payment, are identical with those of the agreement. . . . Unlike cases where the decree recites that the orders are 'pursuant to' the agreement, the decree here is, in terms, totally independent of any agreement made by the parties." (*Davidson* v. *Superior Court,* 226 Cal.App.2d 625, 629-630 [38 Cal.Rptr. 274].)

As appellant urges, all orders for child support are law-imposed. Civil Code, section 4811, subdivision (a), provides:

"The provisions of any agreement between the parties for child support shall be deemed to be separate and severable from all other provisions of such agreement relating to property and support of the wife or husband. All orders for child support shall be law-imposed and shall be made under the power of the court to make such orders. All such orders for child support, even when there has been an agreement between the parties on the subject of child support may be modified or revoked at any time at the discretion of the court, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke."

Under Civil Code, section 4351, the court has jurisdiction to provide for the support of children only during their minority. While it would have been proper for the court to include in the judgment of dissolution a provision pursuant to a property settlement agreement that payments for Robert's support should continue after his 18th birthday on May 29, 1974, it could do so only by virtue of that agreement. (See *Sheldon* v. *Superior Court*, 257 Cal.App.2d 541, 544 [65 Cal.Rptr. 59]

The decree does not reflect the existence of a property settlement agreement, nor was there a showing Robert was "unable to maintain himself by work" and thus "in need" as defined by Civil Code, section 206. Therefore, no special circumstances have been shown to exist. The purported oral agreement between the parties was not integrated into the decree. Absent such integration, the order made after March 4, 1972, the effective date of the legislation lowering the age of majority from 21 to 18 years,[1] was in excess of the court's jurisdiction. Appellant's liability for child support payments terminated when Robert attained 18 years of age. (Civ. Code, §§ 4351, 4700, subd. (b).) The court erred in denying such termination.

Our determination reaches only the law-imposed obligation for child support. (Civ. Code, § 4811, subd. (a).) There is nothing in the law that prevents the parties from contracting for support beyond the age of 18 years. (See *Kamper* v. *Waldon, supra,* 17 Cal.2d 718.)

We do not reach a determination as to whether a valid oral agreement existed between the parties hereto inasmuch as such purported agree-

[1]See Statutes 1971, chapter 1748, page 3746, section 23; effective March 4, 1972.

ment was not integrated in the decree. If in truth and in fact a valid oral agreement was executed, respondent's remedy is an action for declaratory relief or for breach of contract.

With respect to the appellant's claim the distinction between child support orders made prior to March 4, 1972, and those entered subsequent to said date is unconstitutional and discriminatory, the same questions were met and answered in *Ganshow* v. *Ganshow, supra,* 14 Cal.3d 150, where the court stated, "... we hold that since [Civil Code] section 25.1 promotes a legitimate state interest and since the classifications created by this provision are rationally related to the furtherance of this interest, the statute satisfies the equal protection requirements of the Fourteenth Amendment to the United States Constitution and of article I, section 7 of the California Constitution." (*Ibid.,* p. 162.)

The order denying appellant's motion is reversed. Each party to bear his own costs.