Opinion
 

 KINGSLEY, Acting P. J.
 

 Petitioner and respondent were married in 1956. They had four children, of whom the oldest, Ronald, became 18 on August 5, 1975. They separated in 1970. On August 24, 1972, they entered into a marriage settlement agreement, under which petitioner agreed to pay, for the support of the four children, $125 per month per child, such payments to continue “until further order by a court of competent jurisdiction” but to terminate, as to each child “who dies, reaches the age of twenty-one (21) years, is married, or is otherwise emancipated, whichever of these events shall occur first.” That agreement was approved by the court and incorporated in the interlocutory decree of divorce, entered on October 18, 1972. On March 6, 1976, petitioner filed his request to modify the child support provision by terminating support for Ronald. The sole ground for such request was
 
 *182
 
 that Ronald had reached the age of majority. That request was denied on April 21, 1976, and this appeal followed. We affirm the order.
 

 I
 

 Petitioner relies on
 
 In re Marriage of Pilcher
 
 (1975) 51 Cal.App.3d 142 [123 Cal.Rptr. 868], and urges that, under section 4351 of the Civil Code, the trial court had jurisdiction to order support of children only during their minority. In
 
 Sheldon
 
 v.
 
 Superior Court
 
 (1967) 257 Cal.App.2d 541, at page 544 [65 Cal.Rptr. 59], the court noted that it was entirely proper for a court to include, in a judgment of divorce, provisions for the support of a child past minority, but that enforcement of such a provision could be only by way of a plenary suit for breach of contract and not by contempt.
 

 No issue as to contempt is before us on this appeal and we are not here concerned with the remedies available to respondent if payments for Ronald are not made. We hold only that, on the facts shown by this record, it was not error for the trial court to refuse to make an order, under the powers of modification reserved to it both by law and by the agreement, which would arguably have had the effect of limiting respondent’s rights under the agreement.
 

 II
 

 However, petitioner contends that the agreement and decree, properly construed, terminated his duty to support Ronald when he reached the age of 18 and, thus, had become “emancipated.” If the agreement and decree are properly subject to that construction, then the order was i'n error, since it denied a request to apply the agreement according to its terms. For the reasons set forth, we reject petitioner’s interpretation of the agreement and decree.
 

 Since the record before us discloses no extrinsic evidence bearing on the meaning of the language in the agreement above quoted, it is our duty to determine, for ourselves, the proper meaning
 
 (Parsons
 
 v.
 
 Bristol Development Co.
 
 (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839]).
 

 As a general rule, where two clauses of an agreement appear to be in direct conflict, it is the duty of the court to reconcile the two clauses so as to give effect to the whole of the instrument.
 
 (In re Marriage of Williams
 
 (1972) 29 Cal.App.3d 368, 379 [105 Cal.Rptr. 406].) In so
 
 *183
 
 construing an agreement no term shall be considered uncertain or ambiguous if its meaning can be ascertained by fair inference from the terms of the agreement.
 
 (Hawkins
 
 v. York
 
 [1]
 
 (1969) 2 Cal.App.3d 98, 106 [82 Cal.Rptr. 434].)
 

 In the instant case, the parties entered into a marital settlement agreement after Civil Code section 25, as amended, had become effective. The parties are presumed to have contracted with knowledge of that law.
 
 (Mahlstedt
 
 v.
 
 Fugit
 
 (1947) 79 Cal.App.2d 562, 566 [180 P.2d 777].) If, as appellant contends, the parties intended that the fulfillment of the emancipation contingency also include the occurrence of reaching majority, the clause relating to termination of the child support obligation upon reaching the age of 21 would have no meaning. Such an interpretation would be contrary to the well established principle that the parties to an agreement do not include unnecessary language therein. Further, as was pointed out in
 
 Ganschow
 
 v.
 
 Ganschow
 
 (1975) 14 Cal.3d 150, 159 [120 Cal.Rptr. 865, 534 P.2d 705], the court and the parties may well have taken into consideration the increased length of the child support obligation in determining the amount of child support in the order and the agreement and in making a corresponding adjustment in the property rights of the parties.
 

 As we stated in
 
 Moss Development Co.
 
 v.
 
 Geary
 
 (1974) 41 Cal.App.3d 1, 9 [115 Cal.Rptr. 736], “If a contract is susceptible to more than one interpretation, and if the ambiguity is not eliminated by extrinsic evidence, the court is bound to give the contract ‘ . . . such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.’ (Civ. Code, § 1643;
 
 Rodriguez
 
 v.
 
 Barnett, 52
 
 Cal.2d 154, 160 [338 P.2d 907].)”
 

 The agreement carefully sets forth four events that would work a termination of petitioner’s duty to support his children. They are; (1) death; (2) attaining the age of 21 years; (3) marriage; and (4) emancipation. Emancipation may, of course, take place on the attaining the age of majority, or on marriage, but it may occur by reason of other acts having the practical effect of cutting the parental ties. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 279, p. 237; 6
 
 ibid.,
 
 §§ 104 & 105, pp. 4627-4628, § 130, pp. 4647-4649.) In order to give full
 
 *184
 
 effect to all of the language in the agreement and decree, and to accomplish what appears to have been the purpose of the parties in 1972, we must conclude that the word “emancipated” was intended to and did, refer to the kind of emancipation resulting other than from marriage or attaining majority.
 

 As we have stated above, the record shows nothing to indicate that Ronald was married, nor that he was emancipated in any other fashion. Absent such a showing, petitioner has not shown that his duty of support under the agreement and decree has terminated.
 

 The order appealed from is affirmed.
 

 Dunn, J., and Jefferson (Bernard), J., concurred.
 

 [1]
 

 Petitioner sought, also, to terminate the spousal support provided for in the agreement and decree. The record before us (in the form of a settled statement) does not show what order was made as to that request. The issue of spousal support is not before us on this appeal.