[Civ. No. 57527. Second Dist., Div. Five. Jan. 13, 1981.]

In re the Marriage of MARION and LEONARD H. LIEBERMAN.
MARION LIEBERMAN, Respondent, v.
LEONARD H. LIEBERMAN, Appellant.

584

**COUNSEL**

Leonard H. Lieberman, in pro. per., Ball, Hunt, Hart, Brown & Baerwitz and Clark Heggeness for Appellant.

Simon, McKinsey, Miller, Zommick, Sandor & Alban and Gayle Posner for Respondent.

**OPINION**

**ASHBY, J.**—Appellant Leonard H. Lieberman (hereinafter Husband) appeals from a judgment on dissolution of marriage. The issue in controversy is the court's order for the support of one of the parties' minor children, Howard.

Howard was 10 years old and according to an expert witness was "an extremely disturbed, hyperkinetic youngster" suffering from "infantile symbiotic psychosis." This is a syndrome which manifested itself around age two and a half. "[W]hen there is psychopathology in the family constellation and tensions are too great, the child tends to regress back to the infantile period when he did not differentiate himself from mother and in that regression there is—it is interfering with intellectual development and therefore the whole total regression does not allow for the intellectual development to occur." Howard needs special care. "The prognosis here is very guarded. However, already there has been some improvement."

Pursuant to stipulation of the parties the judgment provides that child support shall be in a certain amount "until the children die, become emancipated, or reach majority." However, the court added the following provision: "The parties did not orally stipulate to the following issues, but the Court further orders: [¶] . . . The minor child,

HOWARD LIEBERMAN, is an exceptional child and so long as he is exceptional, he never achieves majority."

■ Husband correctly contends that this provision improperly orders Husband to support Howard beyond the age of majority if Howard remains exceptional at that time. In a marriage dissolution proceeding the court's authority to order child support is limited to "the support of a *minor* child." (Civ. Code, § 4700, subd. (a), italics added; *Levy v. Levy* (1966) 245 Cal.App.2d 341, 363-364 [53 Cal.Rptr. 790] (former Civ. Code, § 139).) ■ If Howard is still exceptional after reaching the age of majority, appellant can be required to support him (Civ. Code, § 206) but this obligation must be enforced by an independent action, not in the marriage dissolution proceedings. (*Levy v. Levy, supra*; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Parent and Child, § 141, p. 4657.)

■ *If the parties had agreed* that the child would be supported beyond his majority, the agreement of the parties could be enforced by the court. (*In re Marriage of Pilcher* (1975) 51 Cal.App.3d 142, 149 [123 Cal.Rptr. 868]; *Sheldon v. Superior Court* (1967) 257 Cal.App.2d 541, 544 [65 Cal.Rptr. 59].) ■ Respondent Marion Lieberman (hereinafter Wife) contends that Husband stipulated in open court to the provision in question and may not complain of the provision on appeal. However, the record does not support Wife's contention. The judgment itself recites that the parties "did *not* orally stipulate to the following issues, but the Court further orders:..." (Italics added.) Whether there was a stipulation is a question of fact, and the court's recital there was not a stipulation will be upheld unless a stipulation clearly appears from the record. (See *Palmer v. City of Long Beach* (1948) 33 Cal.2d 134, 143 [199 P.2d 952].) The stipulation recited in open court was that support would continue until "the children die, become emancipated, or reach majority." Counsel for Husband thereafter told the court "[t]here is *an issue*...[o]pposing counsel has brought up the issue as to whether Howard's support should continue." (Italics added.) The court immediately responded, "He is an exceptional child. As a matter of simple law and statute a child, so long as he is exceptional, is a minor, be he eighteen, twenty, or ninety years old, so if the child is of such a nature, the statute is clear and maintains he never achieves majority. *Put it that way*, just as simply as I can." (Italics added.)

It is apparent that the court, although confusing its terminology, had in mind the statutory obligation to support an adult child who is in

need. (Civ. Code, § 206; see Civ. Code, §§ 25, 27.) The court felt the obligation was imposed by law, but mistakenly assumed that obligation could be enforced in the marriage dissolution proceedings as distinguished from an independent action. (*Levy* v. *Levy, supra.*) ▉ The court in effect told the attorneys to put that provision in the judgment. The record does not clearly show Husband agreed to assume that obligation. (*Palmer* v. *City of Long Beach, supra.*)[1]

▉ Finally, Wife contends that the judgment should be affirmed because the provision in question is "not prejudicial" to Husband. We disagree. By erroneously stating that so long as he remains exceptional, Howard never achieves "majority" (see Civ. Code, §§ 25, 25.1, 27), the court in effect made a present order for Husband to support Howard after he reaches the age of majority if Howard is still exceptional at that time. If Husband ignored that order, he might possibly be subjected to contempt proceedings (see *Sheldon* v. *Superior Court, supra*) which would differ in character from being the defendant in an independent civil action to establish an obligation under Civil Code section 206. (*Levy* v. *Levy, supra.*)

The judgment is modified by striking the following provision: "J. STATUS OF MINOR CHILD, HOWARD LIEBERMAN

"The minor child, HOWARD LIEBERMAN, is an exceptional child and so long as he is exceptional, he never achieves majority." As so modified, the judgment is affirmed. Husband's motion for attorney's fees on appeal is denied.

Kaus, P. J., and Hastings, J., concurred.

---

[1]After the court's comment, Husband's attorney said, "Yes, Your Honor. As previously stated, we would submit to the Court the issue of attorney's fees and costs," thus turning to a different issue. The "Yes, Your Honor" may have been no more than a courteous response to the court's instruction (order). Husband and Wife were asked at the hearing whether they "heard the *terms of the stipulation*...[u]nderstood those terms [and] agree with those terms" and responded "[y]es." (Italics added.) But since it reasonably appears that the court ordered the provision in question as a law-imposed obligation, Husband's answer cannot be deemed a stipulation to assume the obligation.