[Civ. No. 59604. Second Dist., Div. Four. Apr. 21, 1981.]

FRED C. SANDS, Plaintiff and Appellant, v.
E.I.C., INC., et al., Defendants and Respondents.

COUNSEL

Richard S. LeVine, Jonathan C. Cavett and Mark Loeterman for Plaintiff and Appellant.

Gold, Herscher, Marks & Pepper and Stephen D. Marks for Defendants and Respondents.

---

OPINION

EARLY, J.*—Plaintiff filed an action for declaratory relief requesting the court to determine his rights and obligations under a contract with defendant. He appeals from the summary judgment granted to defendant E.I.C., Inc. Plaintiff does not argue that the judgment in favor of defendant Sam Stein, president of defendant E.I.C., Inc., was improperly granted.

Plaintiff borrowed $364,000 from defendant E.I.C., Inc. The note executed by the parties required plaintiff to prepay one year's interest ($20,815) at the time of execution and make monthly interest payments thereafter. Thus, interest was always to be paid one year in advance. The note contained a prepayment clause providing that plaintiff could pay "the principal" by tendering $272,000 "as payment in full of this note." There was no provision for a prepayment penalty.

The issue is whether plaintiff, when he prepaid the $272,000, was entitled to offset the amount of the interest he had prepaid. This is a question of first impression in California.

In support of its motion, defendant filed plaintiff's admissions that the documents attached to the complaint were intended to serve as the exclusive and final understanding of the parties and were not modified by any other agreements. Plaintiff filed a declaration stating that "at all times it was the intention of the parties to reimburse the prepaid interest," but this conclusionary statement was not admissible in evidence and could not be considered by a court on a motion for summary judgment even in the absence of objection. (*Larsen v. Johannes* (1970) 7 Cal.App.3d 491, 500 [86 Cal.Rptr. 744].) The statute changing this rule (Stats. 1980, ch. 57) was expressly made inapplicable "to any appeal if the notice of appeal is filed prior to January 1, 1981." Such notice herein was filed March 10, 1980. Interpretation of the note herein is a question of law.

---

*Assigned by the Chairperson of the Judicial Council.

■ Where a contract has been interpreted as a matter of law without the aid of extrinsic evidence, a reviewing court is not bound by the trial court's interpretation. It must make its own independent interpretation. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839]; *Davies Machinery Co. v. Pine Mountain Club, Inc.* (1974) 39 Cal.App.3d 18, 23 [113 Cal.Rptr. 784].)

The disputed clause in the note reads as follows: "Maker shall have the privilege of prepaying all (but not a portion) of the principal hereof by tendering to payee as payment in full of this note between December 29, 1974 and May, 1984 the sum of $272,000.00."

An ambiguity exists between the clauses "prepaying all ... of the principal" and "as payment in full of this note." If tender of the specified sum constituted payment of the principal only, plaintiff's contention that he is entitled to a refund of the prepaid interest is a reasonable interpretation of the contract. However, if tender of said sum constituted payment in full of the note (the obligation of which includes both principal and unpaid interest), a reasonable interpretation is that the parties did not contemplate an offset of prepaid interest.

We find no California case in point.[1]

■ The language of a contract, if clear and explicit, governs its interpretation. The whole of a contract is to be taken together so as to give effect to every part, each clause helping to interpret the other. (Civ. Code, §§ 1638, 1641; *Roth v. Department of Veteran Affairs* (1980) 110 Cal.App.3d 622, 628 [167 Cal.Rptr. 552].) These principles require us to consider the relationship, if any, between the clause requiring prepayment of interest and the clause permitting prepayment of the principal.

Defendant asserts that the funds denominated in its brief as "prepaid interest" constituted a part of the purchase price. The note speaks of plaintiff's payment of "interest, in advance" and of "prepayment of the interest hereon" and again of "the foregoing prepayment provisions." Although the designation of an item as "prepaid interest" may not be controlling for federal income tax purposes (Asimow, *Principal and*

---

[1]Most of the cases cited by the parties involve refund of unearned interest where payment of the *entire* principal is made. The prepayment in this case was of a discounted value of the entire principal.

*Prepaid Interest* (1968) 16 UCLA L.Rev. 36), Civil Code section 1644 provides that the words of a contract are to be understood in their ordinary and popular sense unless used by the parties in a technical sense or a special meaning is given to them by usage. Nothing in the record suggests that either exception applies herein. Section 1644 therefore requires that we treat the prepaid sums as the parties described them; that is, as interest.

The $272,000 tendered was approximately 75 percent of the full amount of the loan ($364,000). There is no evidence in the record indicating how the parties arrived at the discounted amount. They may or may not have taken into consideration the prepayment of interest. The ambiguity remains unresolved after examining the contract as a whole.

■ Civil Code section 1654 provides that in cases of uncertainty not governed by other rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. The uncontradicted declaration of plaintiff shows that it was drafted by counsel for defendant at the direction of defendant's president. Construing the ambiguity most strongly against defendant requires an interpretation that the parties intended the prepayment clause to mean that tender of $272,000 constituted payment of the unpaid principal owing on the note, and that plaintiff is therefore entitled to an offset in the amount of prepaid but unearned interest. Otherwise, defendant would be unjustly enriched.

Since payment of the principal constitutes payment in full of the note, this interpretation also satisfies the requirement of Civil Code section 1652 that "Repugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clauses, subordinate to the general intent and purpose of the whole contract." (*In re Marriage of Whitney* (1977) 71 Cal.App.3d 179, 182 [139 Cal.Rptr. 324].)

The trial court erred in granting defendant's motion for summary judgment. Defendant did not sustain its burden of proving that the claims of the plaintiff are entirely without merit under any legal theory. (*Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 41 [147 Cal.Rptr. 565]; *Fuller* v. *Goodyear Tire & Rubber Co.* (1970) 7 Cal. App.3d 690, 693 [86 Cal.Rptr. 705].)

The summary judgment herein in favor of defendant E.I.C., Inc. is reversed and the matter is remanded for further proceedings in accordance with this opinion. The judgment in favor of defendant Sam Stein is affirmed. Plaintiff and appellant Fred C. Sands to recover costs from defendant and respondent E.I.C., Inc. Defendant and respondent Sam Stein to bear his own costs.

Kingsley, Acting P. J., and Woods, J., concurred.