[No. B006160. Second Dist., Div. Two. July 31, 1985.]

In re the Marriage of ELIZABETH ANN and
ALVIN BERNARD COOPER.
ELIZABETH ANN COOPER, Respondent, v.
ALVIN BERNARD COOPER, Respondent;
JONATHON LORENZO COOPER, Appellant.

## Counsel

William R. Smith for Appellant.

Elizabeth Ann Cooper, in pro. per., for Respondent.

Sievers, Haigh & Minsky and Douglas M. Haigh for Respondent Husband.

## Opinion

**COMPTON, J.**—This appeal arises out of the intervention by a mentally retarded adult in the dissolution proceedings of his parents. Intervener was 22 years old at the time of trial in August 1983, but had a mental age of only 22 months, and suffered from epilepsy and spasms as well. He resided, then as now, in the family home, in the custody of his mother, who devotes herself full-time to his care. Through his guardian ad litem he sought to enjoin the disposition of the family residence, which was the primary com-

munity asset, and which had been appraised at $189,000. In August 1983, the outstanding encumbrance on the house was approximately $10,000 and the monthly payments on the promissory note and for taxes and insurance were $432.

Because neither parent was employed at the time of trial, intervener sought the use of the house as a form of child support, to which he claimed entitlement pursuant to Civil Code section 206.[1] The trial court denied intervener's request, and ordered instead that the house be sold and the proceeds divided between husband and wife. Intervener appealed the trial court's decision and petitioned this court for a writ of supersedeas to stay the sale of the house pending his appeal. We granted the stay, but after due consideration of the merits we now affirm the trial court's judgment.

█ Intervener contends that he is a child within the meaning of Civil Code section 241, subdivision (d)[2] and is entitled to parental support under Civil Code section 206. He argues that because of his status as a needy child, and because his parents are not gainfully employed and therefore are unable to provide him with financial support, they may be required to defer disposition of the family residence so as to provide him with support in the form of the home. He points to *In re Marriage of Boseman* (1973) 31 Cal.App.3d 372 [107 Cal.Rptr. 232], and *In re Marriage of Duke* (1980) 101 Cal.App.3d 152 [161 Cal.Rptr. 144], as two dissolution cases which establish the option of a family home award to the spouse with custody of minor children. He suggests that the rationale behind those cases applies to him as well.

"Where a home with some equity value and its furnishings constitutes the main property subject to division, where there are minor children and where neither party has substantial separate property, the court, in accordance with [Civ. Code] section 4800(1) could make a conditional award of the residence to the wife if she is awarded custody of the children." (Report, Assem. Com. of Judiciary, 1 Assem. J. (1970 Reg. Sess.) pp. 786-788; *In re Marriage of Boseman, supra,* at p. 375.) This option has been codified by Civil Code section 4800.7, which defines "family home award" as "an order that awards temporary use of the family home to the party having custody of minor children in order to minimize the adverse impact of dis-

---

[1] Civil Code section 206 provides in part: "It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability."

[2] Civil Code section 241 subdivision (d) provides: "'Child' means a son or daughter under the age of 18 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means."

solution . . . on the welfare of the children." Section 4800.7 by its terms is applicable to family home awards made before or after January 1, 1985.

Both the Legislature and the *Boseman* and *Duke* courts deliberately limited the option of the family home award to situations involving *minor* children. The trial court in the present case was faced with a child chronologically past the age of majority and yet with all of the dependency needs of a two-year-old. Intervener argues that it is irrational to distinguish between him and minor children on the basis of chronological age. His requirements as a dependent child are, if anything, greater than those of a "well" minor child, he argues, and therefore as a matter of equal protection of the law he is entitled to the same support considerations afforded any minor child during the dissolution of his parents' marriage.

There is a rational basis for distinguishing between an incapacitated adult child and a well minor child. The question of whether an adult child is a "poor person who is unable to maintain himself by work" may not always be as simply resolved as the questions of parentage and age. (*Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 365 [53 Cal.Rptr. 790].) In addition, the adult child may present a difficult problem, as in the present case, where the disability is a permanent one. Unlike most "well" children, intervener will never "grow up." As a result, his parents may never be relieved of their duty to support him. (See Civ. Code, § 206.) This is a substantial difference between intervener and the usual minor child. Were the trial court to accede to his request the sale of the house would be deferred indefinitely, because intervener is expected to have a normal lifespan, and may, therefore, outlive his parents. Such a lengthy postponement of the division of the community property clearly was not contemplated by the Legislature when it provided for "temporary use of the family home" by the spouse having custody of *minor* children. (Civ. Code, § 4800.7.) Decisional law has likewise limited court ordered child support to *minor* children in divorce proceedings. (*Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 365 [53 Cal.Rptr. 790]; *Johnson* v. *Superior Court* (1984) 159 Cal.App.3d 573, 581 [205 Cal.Rptr. 605]; *In re Marriage of Lieberman* (1981) 114 Cal.App.3d 583, 586 [170 Cal.Rptr. 757].)

Divorcing parents may stipulate to support of a child past the age of majority (Civ. Code, § 4700.9; *Woolams* v. *Woolams* (1952) 115 Cal.App.2d 1, 2-3 [251 P.2d 392]; *Johnson* v. *Superior Court, supra,* at p. 581; *In re Marriage of Lieberman, supra,* at p. 586) but in the absence of such an agreement the court in a dissolution proceeding is without juris-

diction to act on behalf of the disabled adult child. (Civ. Code, § 4351;[3] *Johnson* v. *Superior Court, supra,* at p. 581.) Where the parents fail to agree on support, an independent action on the child's behalf is both authorized and required. (*Johnson* v. *Superior Court, supra,* at p. 581; *In re Marriage of Lieberman, supra,* at p. 586; *Levy* v. *Levy, supra,* at p. 364.) Such an action may be brought on behalf of the child by a parent or guardian ad litem pursuant to Civil Code sections 206 or 4703. (*Johnson* v. *Superior Court, supra,* at pp. 581-584; *Levy* v. *Levy, supra,* at p. 364.) Conservatorship proceedings may also be an appropriate means for obtaining for intervener the financial support he needs. (Prob. Code, §§ 1801, 1828.5.)

In the final analysis we here deal with a trial court order that is legally sound and well within the parameters of that court's discretionary powers. Even were we of the opinion, which we are not, that another approach would be preferred, we would not be disposed to substitute our judgment for that of the trial court.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

---

[3]Civil Code section 4351 provides in part: "In proceedings under this part, the superior court has jurisdiction to inquire into and render any judgment and make such orders as are appropriate concerning the status of the marriage, the custody and support of *minor* children of the marriage, the support of either party, the settlement of the property rights of the parties and the award of attorneys' fees and costs; . . ." (Italics added.)