[Civ. No. 40260. Second Dist., Div. Four. Aug. 17, 1972.]

SCOTT A., a Person Coming Under the Juvenile Court Law, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

[Civ. No. 40261. Second Dist., Div. Four. Aug. 17, 1972.]

RICKY C., a Person Coming Under the Juvenile Court Law, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

[Civ. No. 40262. Second Dist., Div. Four. Aug. 17, 1972.]

ROBERT J., a Person Coming Under the Juvenile Court Law, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

## COUNSEL

Richard S. Buckley, Public Defender, John J. Gibbons and Laurance S. Smith, Deputy Public Defenders, for Petitioners.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry Wood and Daniel L. Bershin, Deputy District Attorneys, for Real Party in Interest.

## OPINION

KINGSLEY, J.—Since they turn on the same issue—namely the interpretation of section 781 of the Welfare and Institutions Code in the light of chapter 1748, California Statutes 1971—we deal with all three cases in this one opinion.[1]

[1]In the cases of Scott and Ricky, the orders herein involved are appealable; the order in the case of Robert is not. Notices of appeal have been filed on behalf of Scott and Ricky. Although those cases could be determined on the appeals thus pending, we have concluded that mandate is an appropriate mode of review. Not only are the rights of these three petitioners subject to delay, but the very procedure of the juvenile court is in doubt until the issues herein presented are determined. It follows that, as to the issues herein, appeal is not an adequate remedy.

We are advised that, under the provisions of chapter 579, Statutes of 1972, signed by the Governor on August 7, 1972, section 781 of the Welfare and Institutions Code will, when that statute becomes effective, be amended so as to entitle petitioners, at that time, to the relief herein sought. However, the effective date of that amendment cannot now be determined, except that it cannot be before late February of 1973. The necessity for guidance of the juvenile court during the interim is obvious.

Petitioners Scott A. and Ricky C. were the subjects of juvenile court proceedings in which they were made wards of the court; petitioner Robert J. was arrested and released without any formal proceedings having been instituted. All three were under the age of 18 when their involvement with the law occurred; five years have not passed since such involvement; each is now over the age of 18. Each sought, purportedly under section 781 of the Welfare and Institutions Code, to have the court "seal" their juvenile records. The trial court denied their petitions on the ground that the 1971 statute did not operate to change the age limitation in section 781; the court did not rule on the merits of the petition in any other respect. We conclude that the trial court did not err.

So far as is here pertinent, section 781 of the Welfare and Institutions Code reads as follows: "(a) In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a dependent child or ward of the court, in any case in which a person is cited to appear before a probation officer or is taken before a probation officer pursuant to Section 626, or in any case in which a minor is taken before any officer of a law enforcement agency, the person or the county probation officer may, five years or more after the jurisdiction of the juvenile court has terminated as to the person, or, in a case in which no petition is filed, five years or more after the person was cited to appear before a probation officer or was taken before a probation officer pursuant to Section 626 or was taken before any officer of a law enforcement agency, *or, in any case, at any time after the person has reached the age of 21 years,* petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, and public officials as petitioner alleges, in his petition, to have custody of such records." (Italics added.)

Section 1 of chapter 1748 reads as follows: "Except for the provisions relating to the minimum voting age, the provisions relating to minimum age for the sale, purchase or consumption of alcoholic beverages, the provisions relating to the sentencing and commitment of persons to the Department of the Youth Authority, or the provisions relating to veterans' benefits, whenever, in any provision of law, the term '21 years of age' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.' "

The following 69 sections[2] specifically amend various statutory provi-

---

[2]Statutes 1971, chapter 1748, sections 2-69.

sions, including six sections of the Juvenile Court Act other than section 781.[3] The act, also, in sections 73 through 78, makes specific provision to adjust the new "age of majority" with reference to judicial orders, wills, deeds and other nonlegislative provisions.

However, section 9 of article IV of the California Constitution provides: "A statute shall embrace but one subject, which shall be expressed in its title. If a statute embraces a subject not expressed in its title, only the part not expressed is void. A statute may not be amended by reference to its title. *A section of a statute may not be amended unless the section is re-enacted as amended.*" (Italics added.)

In *Glendale Unified School Dist.* v. *Vista Del Rossmoyne Co.* (1965) 232 Cal.App.2d 493, 498 [42 Cal.Rptr. 899], the court said, with reference to the predecessor of section 9 (art. IV, § 24 of the pre-1966 Constitution): "The clear purpose of . . . provisions is to avoid the confusion which almost always results when amendments are attempted by way of directing the insertion, omission or substitution of certain words, or by adding a provision, without setting out the entire context of the section to be amended . . . ." The cases at bench illustrate the situation thus envisaged. Had the constitutional provision been followed, there would have been no question as to legislative intent. The disobedience of that provision gives rise to the problem herein submitted to us.

We conclude: that section 1 of chapter 1748 violates section 9 of article IV of the California Constitution; that, insofar as the issue herein involved is concerned, it was and is void; and, therefore, that it did not amend section 781 of the Welfare and Institutions Code.

The alternative writs of mandate are vacated; the petitions for peremptory writs of mandate are denied.

Files, P. J., and Jefferson, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied October 12, 1972.

---

[3]Sections 600, 601, 602, 604, 607 and 625, of the Welfare and Institutions Code.