[Civ. No. 37250. First Dist., Div. One. Oct. 6, 1976.]

MARIAN P. MESSIER, Plaintiff and Appellant, v.
PAUL E. MESSIER, Defendant and Respondent.

## Counsel

Thompson & Hubbard and Ralph W. Thompson for Plaintiff and Appellant.

Pioda, Bryan & Ames and Robert H. Ames for Defendant and Respondent.

## Opinion

BRAY, J.*—Appellant appeals from an order of the Monterey County Superior Court regarding child support and purports to appeal from the order denying motion for a new trial.[1]

### Issues Presented

1. The trial court erred in finding that the words "age of majority" in its modification order referred to the age 18.

2. The trial court erred in finding that respondent's obligation to pay medical, hospital, dental and orthodontia expenses for Barbara terminated on her 18th birthday and will terminate for Phillip on his 18th birthday.

3. The trial court erred in limiting elementary, secondary and college expenses to only such items as "tuition, books and fees incurred and charged by the institution."

4. The trial court did not err in failing to grant appellant attorney's fees.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]As an order denying motion for a new trial is nonappealable, the appeal therefrom must be dismissed. (*De Burgh v. De Burgh* (1952) 39 Cal.2d 858, 861 [250 P.2d 598].)

## RECORD

Based on an original child support order of July 30, 1965, and a modification thereof of August 18, 1972, appellant filed a motion seeking determination of amount due her on account of child support of Barbara Jeanne Messier including amounts for medical, dental and college expenses. After a hearing thereon the court made its order from which appellant appeals. Appellant also purports to appeal from the order denying a new trial.

## FACTS

The marriage of appellant Marian P. Messier and respondent Paul E. Messier was terminated by a final judgment of divorce on January 6, 1966. The interlocutory decree of divorce, which incorporated a property settlement agreement, awarded appellant custody of the parties' two minor children Barbara Jeanne Messier and Phillip Eugene Messier. The decree ordered respondent to pay "as and for the support of each of the said two minor children of the parties, BARBARA and PHILLIP, the sum of One Hundred Fifty Dollars ($150.00) per month . . .; and in addition . . . to pay all medical, hospital, dental and orthodontia expense as such is incurred by or for each of said two children as and when such expense becomes payable . . .; and in addition . . . to pay the tuition (or fees for attendance) charged by any elementary through secondary school to which either of said two minor children may attend as same becomes due, and the college expense for either as same occurs. This order respecting the payment of support and said medical, hospital, dental and orthodontia expense shall continue for each of said two minor children until each attains hers or his majority, or until the further Order of the . . . Court."

Effective March 4, 1972, the Legislature amended Civil Code section 25 to provide that "Minors are all persons under 18 years of age." Barbara Jeanne Messier was born on January 21, 1955, and turned 18 years of age on January 21, 1973. Phillip Eugene Messier was born on November 15, 1960, and will not attain his majority until 1978.

On August 7, 1972, appellant filed an order to show cause requesting that the court modify its order regarding child support by increasing the amount to $350 a month for each child. The matter came for hearing on October 20, 1972, before The Honorable George G. Murry. On November 6, 1972, the court ordered that respondent be required to pay

to appellant for the support of each of the two minor children the sum of $250 per month effective as of August 18, 1972, and that the amounts "be payable monthly on the first day of each month for each child until each of said children attains hers or his majority, or until the further Order of the above Court; . . ."

Thereafter, on February 14, 1974, appellant filed a motion seeking a determination of amount due to her from respondent on account of child support of Barbara Jeanne including amounts for medical, dental, and college expenses. Appellant contended in her motion that as of Barbara Jeanne's 18th birthday on January 21, 1973, respondent terminated payment of child support for her. The matter came for hearing on March 1, 1974, before the Honorable Nat A. Agliano. There is no record of these proceedings. However, the court had before it the transcript of the proceedings of October 20, 1972. That transcript indicates that the court determined that it would increase the child support payments to $250 per child per month. Thereafter, the following colloquy took place among the court, Mr. Bryan (attorney for respondent), and Mr. Thompson (attorney for appellant): "MR. BRYAN: And, Your Honor, I think counsel and I have agreed so that we don't have trouble with the order when I submit it that eighteen years is the present age date. MR. THOMPSON: Why not leave it the same way? THE COURT: I don't think you have to modify it. I looked at the interlocutory and if it says majority there is a case down out of Los Angeles, I think in the Second District that there is no question in my mind that says when they reach eighteen it stops. MR. BRYAN: I just don't want to come back to court again and litigate this situation. THE COURT: I don't see how you can, but in my opinion unless you had a decree that said twenty-one or unless you had a property settlement agreement that said twenty-one when the children get eighteen the support stops. MR. BRYAN: We have one that says majority. MR. THOMPSON: It specifically says majority. THE COURT: All right. MR. BRYAN: Thank you, Your Honor."

On August 26, 1974, the court entered its order finding that the modification order of November 6, 1972, "contemplated and the Court intended that the words 'age of majority' in its Modification Order refer to the age of eighteen as it effects [sic] the child support for each of the children . . . and it is therefore effective until the children . . . reach 18 years of age, at which. time child support terminated for BARBARA JEANNE and will terminate for PHILLIP EUGENE. Accordingly, Respondent's obligation to provide support, including medical, hospital, dental

and orthodontia expense for BARBARA JEANNE terminated on her eighteenth birthday. . . ." The court further found that "the Order for educational expense, however, is not so limited and Respondent shall pay to [appellant] expenses for elementary, secondary and college education, which expenses are construed to mean only tuition, books and fees incurred and charged by the institution attended by the child concerned; . . ."

1. ■ The trial court erred in finding that the words "age of majority" in its modification order referred to the age 18.

There can be no question, as appears from the transcript of the proceedings of October 20, 1972, that court and counsel for respondent believed that the age of majority of Barbara Jeanne would be reached when she became 18 years of age because they believed that the law was that due to the amendment of Civil Code section 25 in 1972, that result would automatically follow. It is not clear from the record whether counsel for appellant was of the same opinion as the court and counsel for respondent. At any rate appellant's counsel did not consent to any determination of the effect of the language "age of majority."

That the law did not automatically change the age of majority in an order made prior to the legislative amendments appears on the face of those amendments.

Effective March 4, 1972, the Legislature amended Civil Code section 25 to provide that "Minors are all persons under 18 years of age." (Stats. 1971, ch. 1748, § 23, p. 3746.) As part of the package of laws terminating minority at 18, the Legislature enacted a provision (Stats. 1971, ch. 1748, § 73, p. 3769) stating in relevant part as follows: "In any order or direction of a court entered before the operative date of this act, *except orders or directions of a court affecting child support,* and in the absence of any indication of an intention to the contrary, a reference to the age of majority or the age of 19 years of age, 20 years of age, or 21 years of age shall be deemed to be a reference to 18 years of age. [¶] The use of the words the age of majority, 19 years of age, 20 years of age, or 21 years of age in such an order or direction shall not, in itself, be deemed to indicate a contrary intention without some further indication of a contrary intention. [¶] *In any order or direction of a court affecting child support entered prior to the effective date of this act, a reference to minority shall be deemed a reference to the age of 21 years.*" (Italics added.)

The above provision, however, was repealed (Stats. 1972, ch. 38, § 1) and in its place the Legislature enacted section 4 of chapter 38 of the Statutes of 1972, the provisions of which were similar to those added to the Civil Code (§ 25.1) by chapter 278 of the Statutes of 1973, effective January 1, 1974. Section 25.1 of the Civil Code reads as follows: "The Legislature intends that any use of or reference to the words 'age of majority,' 'age of minority,' 'adult,' 'minor,' or words of similar intent in any instrument, order, transfer, or governmental communication what-soever made in this state: [¶] (a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and [¶] (b) On or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age. [¶] Nothing contained herein or in Chapter 1748 of the Statutes of 1971 shall prevent the amendment of any court order, will, trust, contract, transfer, or instrument to refer to the new 18-year-old age of majority where such court order, will, trust, contract, transfer, or instrument is: [¶] (1) In existence on March 4, 1972; and [¶] (2) Subject to amendment by law and where amendment is allowable or not prohibited by the terms thereof; and [¶] (3) Otherwise subject to the laws of this state."

In 1974, the Legislature added section 4704 of the Civil Code. (Stats. 1974, ch. 81, § 1.) That section provides: "(a) Any order issued prior to March 4, 1972, providing for support for a child may be amended or modified by the court having jurisdiction to increase or decrease the amount of such award without terminating such award at the age of majority based on 18 years of age. [¶] (b) This section does not constitute a change in, but is declaratory of, the existing law."

In *Ganschow* v. *Ganschow* (1975) 14 Cal.3d 150, 157 [120 Cal.Rptr. 865, 534 P.2d 705], the court in referring to the above provisions stated: "These provisions make the legislative intent crystal clear. Thus, nearly all courts which have been called upon to interpret section 25.1 and its predecessors have properly held that a child support order entered prior to March 4, 1972, is not affected by the new age-of-majority legislation per se but where subject to amendment may refer in any modification thereof to the new 18-year-old age of majority. [Citations.] The fact that the child has attained the age of 18 years is merely one of the factors to be considered by the court in deciding whether to increase, decrease or terminate a parent's liability under a pre-effective date order. [Citation.]"

The central point of contention between the parties revolves around the fact that the modification order does not expressly refer to age 18.

The trial court, however, in interpreting the modification order, found that the modification order contemplated and the court intended that the words "age of majority" in the modification order refer to the age of 18.

The trial court should not have been concerned with the mistaken idea of the court on October 20, 1972, concerning the effect of the "age of majority" in the order of July 30, 1965, because the interpretation of the order was not before it. The sole proceedings before it were the order to show cause in which appellant sought to have the original child support order increased. There was nothing else before the court nor could there have been because the court had no jurisdiction other than to consider whether it would change the order for support either up or down. The discussion between court and counsel was beyond the court's jurisdiction and appellant's counsel at no time consented to the court's acquiring jurisdiction. He stated, "Why not leave it the same way?" and again that the order "specifically says majority." Thus, the court was in error in finding that the words "age of majority" in the modification order referred to the age of 18.

2. The trial court erred in finding that respondent's obligation to pay medical, hospital, dental and orthodontia expenses for Barbara terminated on her 18th birthday and will terminate for Phillip on his 18th birthday.

Inasmuch as the court's determination of this matter was based on its erroneous determination that the 18th birthday of the minors would automatically terminate medical, hospital, dental and orthodontia expenses, the order must be set aside and the matter resubmitted.

3. The trial court erred in limiting elementary, secondary and college expenses to only such items as "tuition, books and fees incurred and charged by the institution."

Again, the court's determination of this matter was influenced by its ruling on the "age of majority" and the matter will have to be redetermined.

4. ■ The trial court did not err in failing to grant appellant attorney's fees.

The order of the trial court makes no specific order denying attorney's fees; therefore, appellant's appeal insofar as it relates to this matter is

from an order which does not exist. In *Schotte* v. *Schotte* (1962) 203 Cal.App.2d 28, 30 [21 Cal.Rptr. 220], the court stated, "The trial court made no order denying the wife's motion for attorney's fees, costs and 'alimony' . . . . The appeal therefrom is an appeal from orders *that do not exist.* The attempted appeal from all of the foregoing orders therefore should be dismissed."

The attempted appeal from the order denying motion for a new trial and from a nonexistent order denying attorney's fees is dismissed. The order regarding child support is reversed and the entire matter remanded to the trial court for redetermination.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied November 5, 1976.