CARRICK,
*Respondent,*
*v.*
CARRICK,
*Appellant.*

(No. 271-841, CA 15535)

605 P2d 1215

Paul J. Speck, Bend, argued the cause and filed the brief for appellant.

Susan Longbrook, Portland, argued the cause for the respondent. With her on the brief was Stephen M. King, Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

ROBERTS, J., dissenting opinion.

**GILLETTE, J.**

Husband appeals from an order of the trial court requiring him to pay child support until his son's twenty-first birthday. We affirm.

The parties, husband and wife, were divorced on February 21, 1961, in Multnomah County. Custody of their son, Michael, was awarded to the mother. The husband was ordered to pay $60 a month in child support until the son's majority or further order of the court.

The decree was modified on December 26, 1972. Custody of Michael was awarded to the father and child support payments were terminated. The 1961 decree was again modified pursuant to a stipulated order on October 30, 1975. Custody was returned to the mother and the defendant was ordered to pay $150 per month in child support until Michael reached the age of majority. In all other respects the decree remained the same.

The son has reached the age of 18 and the husband has ceased making child support payments. This action was brought to determine the duration of the husband's duty to support and the amount owed to the wife in arrearages. The husband maintains that his obligation to make payments ceased when his son turned 18. Wife argues that he has a duty to support their son until the son turns 21. After reviewing a stipulated set of facts, the trial court agreed with the mother and assessed arrearages against the husband.

In 1973, the Oregon Legislature changed the age of majority from 21 to 18. ORS 109.510. A "saving clause", not codified, was included with that act. It provided, in pertinent part, that:

"* * * * *

"(2) Except as provided in subsection (3) of this section:

"(a) Nothing in this Act affects an act done, a proceeding begun, an order, decree or judgment entered, a right accruing, accrued or acquired, or a

liability, duty or obligation incurred, before the effective date of this Act, under the law then in effect.

"(b) A reference to majority, minority, age of majority or words of similar intent in an order, judgment or decree entered before the effective date of this Act shall be considered to be to the age of majority in effect when the order, judgment or decree was entered.

"(c) Unless a contrary intent is shown, any reference to majority, minority, age of majority or words of similar intent in an instrument made before the effective date of this Act shall be considered to be to the age of majority in effect when the instrument was made.

"(3) Nothing in this Act prevents the amendment of an order, decree, judgment or instrument to refer to the age of majority as amended by this Act if the order, decree, judgment or instrument:

"(a) Is in existence on the effective date of this Act;

"(b) Is subject to amendment by law; and

"(c) By its terms allows or does not prohibit its amendment."

Or Laws 1973, ch 827, § 84.

In *Lekas v. Lekas,* 23 Or App 601, 543 P2d 308 (1975), this court discussed the saving clause. That case involved a divorce decree entered in 1969 which provided for child support until age 21 or until otherwise emancipated. A modification of the amount of child support had been made in 1975. We held that, by virtue of the saving clause, the 1973 Act did not apply to children who were the subject matter of proceedings instituted prior to the effective date of the Act. *Id.,* at 607. We also rejected the argument that the new order of support automatically brought the new age of majority into play. We said:

"The over-all intention expressed in the preceding subsection (2) to leave existing decrees and agreements in effect still prevails. The effect of Subsection (3) is that, where appropriate, changes may be made in an existing decree upon proper motion where the same is indicated by changing facts and agreements.

[330]

Subsection (3) does not, ipso facto, change existing decrees and agreements. * * * *Id.,* at 607-608.

The original decree in this case was entered in 1961; the saving clause applies. The modifications of the decree do not automatically change the applicable age of majority, unless an intent to bring the 1973 Act into play is made apparent. *See State ex rel Bakke v. Bakke,* 30 Or App 345, 567 P2d 126 (1977).

Husband acknowledges our *Lekas* and *Bakke* decisions but argues that they are not controlling. He argues,

"* * * [Husband's] child support obligations had been terminated on December 26, 1972, by order of the court granting him custody. It would be absurd to argue that through some form of legal magic the obligations of the 1961 decree relating to child support continued in effect on October 5, 1973, [the effective date of ORS 109.510]."

We think, however, that the question is one of intent, not legal magic. The husband's legal duty to support his child continued after the modification of December 26, 1972, which gave him custody of his son. The obligation was met by husband's care for the son while the son was in his custody. It did not disappear.

The trial court, when custody was reestablished in the wife in 1975, could have established either 18 or 21 as the age of majority. *Lekas v. Lekas, supra.* The court ordered the husband to pay support until the son reached "the age of majority." "Majority," in the context of this case, had meant the age of 21. We think that, if the court intended to *change* the meaning of "majority," it should have and would have said so explicitly. We hold, as did the trial court, that the age of majority under this decree continued to be 21. This rule, which lends stability to decrees, follows the spirit of *Lekas* and *Bakke* even if it is not specifically required by them.

Affirmed. No costs to either party.

[331]

**ROBERTS, J.,** dissenting.

I respectfully dissent from the majority opinion. I would interpret the savings clause to apply to "a right accruing, accrued or acquired, or a liability, duty or obligation incurred * * *" before the effective date of the statute changing the age of majority. Here, husband had no obligation of child support because he had custody of the child. Because the order, changing custody and requiring child support and thus creating an obligation, was entered after the legislation changing the age of majority to 18, the use of the language "age of majority" should be interpreted to mean age 18.