[Civ. No. 61771. Second Dist., Div. Two. Aug. 17, 1981.]

In re the Marriage of SANDRA and EDWARD GOLDEN.
EDWARD GOLDEN, Appellant, v.
SANDRA GOLDEN, Respondent.

**COUNSEL**

Charles J. Tarr for Appellant.

Curry & Mendlovitz and Sidney Mendlovitz for Respondent.

**OPINION**

**ROTH, P. J.**—On November 26, 1971, an interlocutory judgment of dissolution of marriage respecting the parties to this appeal was entered, which provided, inter alia, for support of the couple's three children[1] "until ... majority ...."

---

[1]These consisted of Russell, born December 4, 1960, Tami, born January 13, 1962, and Stephen, born November 26, 1964.

As of March 4, 1972 (for purposes of application), Civil Code section 25.1 became effective (see fn. 2). That statute provides: "The Legislature intends that any use of or reference to the words 'age of majority,' 'age of minority,' 'adult' 'minor,' or words of similar intent in any instrument, order, transfer, or governmental communication whatsoever made in this state:

"(a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and

"(b) On or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age.

"Nothing contained herein or in Chapter 1748 of the Statutes of 1971 shall prevent the amendment of any court order, will, trust, contract, transfer, or instrument to refer to the new 18-year-old age of majority where such court order, will, trust, contract, transfer, or instrument is:

"(1) In existence on March 4, 1972; and

"(2) Subject to amendment by law and where amendment is allowable or not prohibitied by the terms thereof; and

"(3) Otherwise subject to the laws of this state."

A final judgment of dissolution of marriage was entered July 19, 1972.

In 1979, respondent, through order to show cause, sought modification of appellant's child support obligation so as to increase the amounts payable. The petition was resisted by appellant, who urged that since the final judgment of dissolution occurred after March 4, 1972, such obligation, in terms of time, could not extend beyond the respective attainment by the minors of the age of 18 years, the theory being that the interlocutory judgment merged into the final, such that the specification "until ... majority ..." was properly to be understood as referring to the 18-year rather than the 21-year limit.

■ The trial court rejected appellant's position and chose instead to continue support payments in terms of "majority" being viewed as the age of 21, thus presenting to us the question whether, under circum-

stances like those here present, the age of majority is to be determined by the law in effect at the time of the entry of the interlocutory or the final judgment in a dissolution proceeding.

It is conceded, of course, that had the final decree been entered prior to the operative date of section 25.1, the decision of the trial court could not be effectively challenged.[2] The claim, nevertheless, as previously alluded to, is that the provisional nature of interlocutory determinations is such as contemplates their extinguishment upon the making of a final judgment, with the latter either incorporating the former and thereby superseding it, or being substituted for it in whole or in part.

---

[2]The subject matter is discussed in *Messier v. Messier* (1976) 62 Cal.App.3d 595 [133 Cal.Rptr. 257], wherein it was remarked that: "Effective March 4, 1972, the Legislature amended Civil Code section 25 to provide that 'Minors are all persons under 18 years of age.' (Stats. 1971, ch. 1748, § 23, p. 3746.) As part of the package of laws terminating minority at 18, the Legislature enacted a provision (Stats. 1971, ch. 1748, § 73, p. 3769) stating in relevant part as follows: 'In any order or direction of a court entered before the operative date of this act, *except orders or directions of a court affecting child support*, and in the absence of any indication of an intention to the contrary, a reference to the age of majority or the age of 19 years of age, 20 years of age, or 21 years of age shall be deemed to be a reference to 18 years of age. [¶] The use of the words the age of majority, 19 years of age, 20 years of age, or 21 years of age in such an order or direction shall not, in itself, be deemed to indicate a contrary intention without some further indication of a contrary intention. [¶] *In any order or direction of a court affecting child support entered prior to the effective date of this act, a reference to minority shall be deemed a reference to the age of 21 years.*' (Italics added.)

"The above provision, however, was repealed (Stats. 1972, ch. 38, § 1) and in its place the Legislature enacted section 4 of chapter 38 of the Statutes of 1972, the provisions of which were similar to those added to the Civil Code (§ 25.1) by chapter 278 of the Statutes of 1973, effective January 1, 1974. Section 25.1 of the Civil Code reads as follows: 'The Legislature intends that any use of or reference to the words "age of majority," "age of minority," "adult," "minor," or words of similar intent in any instrument, order, transfer, or governmental communication whatsoever made in this state: [¶] (a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and [¶] (b) On or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age. [¶] Nothing contained herein or in Chapter 1748 of the Statutes of 1971 shall prevent the amendment of any court order, will, trust, contract, transfer, or instrument to refer to the new 18-year-old age of majority where such court order, will, trust, contract, transfer, or instrument is: [¶] (1) In existence on March 4, 1972; and [¶] (2) Subject to amendment by law and where amendment is allowable or not prohibited by the terms thereof; and [¶] (3) Otherwise subject to the laws of this state.'

"In 1974, the Legislature added section 4704 of the Civil Code. (Stats. 1974, ch. 81, § 1.) That section provides: '(a) Any order issued prior to March 4, 1972, providing for support for a child may be amended or modified by the court having jurisdiction to increase or decrease the amount of such award without terminating such award at the age of majority based on 18 years of age. [¶] (b) This section does not constitute a change in, but is declaratory of, the existing law.'

"In *Ganschow v. Ganschow* (1975) 14 Cal.3d 150, 157 . . ., the court in referring to

Whatever might be the concept's merits in other instances involving provisional relief, however, we are satisfied it finds no application as concerns interlocutory judgments of the kind here involved, which, in spite of being thus denominated, are in fact appealable orders and final adjudications as to all matters therein decided, unless timely vacated on motion for new trial, motion under Code of Civil Procedure section 473, or on appeal. (See *Grant* v. *Superior Court* (1963) 214 Cal.App.2d 15, 20 [29 Cal.Rptr. 125]; *Harrold* v. *Harrold* (1954) 127 Cal.App.2d 582, 583 [274 P.2d 183]; *Estate of Hughes* (1947) 80 Cal.App.2d 550, 555 [182 P.2d 253].) No such revision having occurred here, the interlocutory order as originally made was controlling.

■ It is additionally urged there was error in the trial court's further determination that arrearages in child support payments should be paid by appellant in $30 per month installments until paid in full, when no finding as to the amount of such arrearages was made. The record is clear such was the case, the omission arising out of oversight acquiesced in by the parties.

The order appealed from is affirmed, except insofar as it is reversed and remanded for the sole purpose of ascertaining and specifying the total amount of arrearages in child support payments owing by appellant.

Costs of appeal to respondent.

Fleming, J., and Beach, J., concurred.

---

the above provisions stated: 'These provisions make the legislative intent crystal clear. Thus, nearly all courts which have been called upon to interpret section 25.1 and its predecessors have properly held that a child support order entered prior to March 4, 1972, is not affected by the new age-of-majority legislation per se but where subject to amendment may refer in any modification thereof to the new 18-year-old age of majority. [Citations.] The fact that the child has attained the age of 18 years is merely one of the factors to be considered by the court in deciding whether to increase, decrease or terminate a parent's liability under a pre-effective date order. [Citation.]'" (*Id.*, at pp. 600-601; see also *Wodicka* v. *Wodicka* (1976) 17 Cal.3d 181 [130 Cal.Rptr. 515, 550 P.2d 1051]; *Malouin* v. *Malouin* (1976) 61 Cal.App.3d 453 [132 Cal.Rptr. 373]; *Atwell* v. *Atwell* (1974) 39 Cal.App.3d 383 [114 Cal.Rptr. 324].)