[Civ. No. 23256. Third Dist. May 14, 1984.]

In re the Marriage of CHARLENE and LOUIE RASMUSSEN.
CHARLENE RASMUSSEN, Appellant, v.
LOUIE RASMUSSEN, Respondent.

Counsel

Kirkman, Winn & Barbera, Zilaff & Zilaff and C. Alexandre Barbera for Appellant.

Miller & Daneri and Roxanne T. Daneri for Respondent.

Opinion

**SPARKS, J.**—In 1970, when the age of majority was 21 years, the court awarded Charlene Rasmussen (wife) the custody of the parties' two children, Roger and Brian, and ordered her husband, Louie, to pay child support. In 1978, after the age of majority had been reduced to 18 years, the custody of Brian was changed and wife was ordered to pay husband for Brian's support. The issue presented in this case is whether the trial court properly denied wife's motion seeking a judicial determination that her duty to pay child support for Brian terminated when he reached 18 years of age. Wife claims that because she was never ordered to support Brian when the age of majority was 21, her duty to support him terminated as a matter of law when he attained the age of 18. We hold that wife's obligation did not then terminate and consequently shall affirm the order of the trial court.

An interlocutory judgment dissolving the parties' marriage was entered in May 1970. There were two children born of the marriage—Roger, born June 8, 1960, and Brian, born May 24, 1965. ■ ■■■ The interlocutory judgment awarded custody of the children to wife, and ordered husband to pay "the Sum of $100.00 per child per month, for a total of $200.00 per month, as and for support for the minor children of the parties

hereto."[1] These provisions were incorporated by reference into the final judgment of dissolution entered in October 1970.

By statute effective March 4, 1972, the California Legislature reduced the age of majority from 21 to 18 years of age. (Civ. Code, § 25.) The legislative scheme also provided that the statutory reduction of the age of majority had no effect upon orders of child support entered prior to the effective date of the statutory change, which orders, unless otherwise modified by the appropriate court, were to continue in force until the child attained the age of 21. (See *Ganschow* v. *Ganschow* (1975) 14 Cal.3d 150, 152-153 [120 Cal.Rptr. 865, 534 P.2d 705], App. dism. 423 U.S. 887 [46 L.Ed.2d 118, 96 S.Ct. 181].)

Apparently misapprehending the import of this new legislation, husband, in April 1976, moved for an order which would have terminated child support for each of the children when they attained 18 years of age. The motion was denied.[2]

In May 1978 the trial court entered an order modifying the interlocutory and final judgments to reflect the parties' stipulation that custody of Brian be awarded to their joint custody and that Brian would reside with husband.

In July 1978 husband sought another modification of the interlocutory and final judgments of dissolution, seeking an order that wife pay child support for Brian. Although wife opposed the motion, the trial court entered an "order re modification" requiring wife to pay child support for Brian.

In May 1983 Brian turned 18. Wife filed an order to show cause requesting a determination that her duty to provide child support terminated with Brian's 18th birthday. Husband opposed the motion and countered with a request that support be increased. Following hearing and argument, the trial court, without comment, denied wife's motion for termination of support and increased support to $200 per month. Wife appeals.

## DISCUSSION

Effective March 4, 1972, the Legislature amended Civil Code section 25 to provide that "[m]inors are all persons under 18 years of age." (Stats.

---

[1]When, as here, the child support order does not contain any limit on the duration of the obligation, the law imposes a duty of support until the child reaches the age of majority. (*Kendall* v. *Kendall* (1932) 122 Cal.App.397, 399 [10 P.2d 131], disapproved on another point in *Rosher* v. *Superior Court* (1937) 9 Cal.2d 556 [71 P.2d 918]; cf. Civ. Code, § 4700, subd. (b); see also *Wodicka* v. *Wodicka* (1976) 17 Cal.3d 181, 187, fn. 4 [130 Cal.Rptr. 515, 550 P.2d 1051].)

[2]At the same time, the trial court modified the interlocutory and final judgments of dissolution to reflect an increase in the child support payments to $150 per month per child.

1971, ch. 1748, § 23, p. 3746; hereafter unless otherwise noted all statutory citations are to the Civil Code) Among other statutory provisions modified were those imposing parental support obligations, which (absent special circumstances) would thereafter terminate as a child reached the age of 18. (*Id.*, § 25.5, p. 3747; see *Ganschow* v. *Ganschow, supra,* 14 Cal.3d at pp. 154-155 and fn. 4 (hereafter cited as *Ganschow*).)

At the same time, the Legislature created a statutory exception to the general scheme adjusting parental liability for support to reflect the new age of majority. Specifically, the Legislature enacted a provision that any order or direction of a court affecting child support entered prior to March 4, 1972, was to continue in effect until the child reached age 21. (Stats. 1971, ch. 1748, § 73, p. 3769; *Ganschow, supra,* at pp. 154-155.)

Thereafter, the Legislature made further efforts to reaffirm its intent that child support orders entered prior to March 1972 were to remain unaffected by the change in the majority statute. (*Ganschow, supra,* at pp. 155-157 and fns. 5-6.)[3] Finally, to further clarify its intent, the Legislature enacted section 4704 (Stats. 1974, ch. 81, § 1, p. 178), the provisions of which are here in issue. Section 4704 provides: "(a) Any order issued prior to March 4, 1972, providing for support for a child may be amended or modified by the court having jurisdiction to increase or decrease the amount of such award without terminating such award at the age of majority based on 18 years of age. [¶] (b) This section does not constitute a change in, but is declaratory of, the existing law."

---

[3]See sections 1-4 of chapter 38 of the Statutes of 1972. Section 4 of chapter 38 stated in relevant part:

"It has come to the attention of the Legislature since passage of A.B. 2887 (now Chapter 1748 of the Statutes of 1971) that there were and are thousands of court orders outstanding in this state referring to 'age of majority' or to the ages of 19, 20, or 21. It is now apparent that great confusion will be caused within the judicial system and among California citizens unless it is made clear that all outstanding court orders remain unamended and unaffected by Chapter 1748 of the Statutes of 1971 and to further make clear that these court orders may be amended to reflect the new age of majority where such amendment is proper in the discretion of the courts under California law or by the terms of the outstanding court orders. Likewise, it is thought prudent to expressly indicate the intention of the Legislature that any instrument outstanding on the effective date of the new law may be amended if otherwise permissible or not prohibited by the law or its own terms."

Thereafter, the Legislature repealed section 4 of chapter 38 of the Statutes of 1972. (Stats. 1973, ch. 278, § 2, p. 674.) In turn, the Legislature amended Civil Code section 25.1 to provide in relevant part: "The Legislature intends that any use of or reference to the words 'age of majority,' 'age of minority,' 'adult,' 'minor,' or words of similar intent in any instrument, order, transfer, or governmental communication whatsoever made in this state:

"(a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and

"(b) On or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age." (Stats. 1973, ch. 278, § 1, p. 674.)

In *Ganschow* it was determined that the foregoing declaration makes the legislative intent crystal clear. ■ "[A] child support order entered prior to March 4, 1972, is not affected by the new age-of-majority legislation per se but where subject to amendment may refer in any modification thereof to the new 18-year-old age of majority." (14 Cal.3d at p. 157; see also *Atwell* v. *Atwell* (1974) 39 Cal.App.3d 383, 387-388 [114 Cal.Rptr. 324].) ■ "The overall result is the creation by section 25.1 of two classifications of child support obligations." (*Ganschow, supra,* 14 Cal.3d at p. 158.) One classification embraces those obligations based upon court orders entered prior to March 4, 1972, which orders, even if amended or modified after March 1972, may continue in effect until the child reaches age 21. (*Ibid.;* · *Atwell* v. *Atwell, supra,* 39 Cal.App.3d at pp. 387-388 and fn. 2.) "The second classification embraces all those child support obligations not embodied in pre-March 4, 1972, orders, which obligations terminate when the child attains the age of 18 years. This second category includes the obligations of parents who remain married and whose support liability is based upon statute alone (§§ 241, 242, 243), as well as the obligations of parents based on court orders initially entered *after* March 4, 1972 (§§ 4351, 4453, 4770)." (*Ganschow, supra,* 14 Cal.3d at p. 158; italics in original.)

■ With this background in mind we turn to the construction of section 4704 in light of the unique set of facts in this case. The May 1970 interlocutory judgment ordered husband pay child support for Brian. The interlocutory judgment was modified several times thereafter, including in August 1978 (hereafter the August order) when the court ordered wife pay child support for Brian. Wife asserts that as there was no order prior to 1972 requiring *her* to provide child support, the August 1978 order *as to her* constitutes an order entered *after* March 1972; thus her obligation to provide child support terminated when Brian reached the age of 18. (See *In re Marriage of Pilcher* (1975) 51 Cal.App.3d 142, 147 [123 Cal.Rptr. 868].) Husband asserts the August 1978 order that wife pay child support was simply a *modification* of the previous child support order; thus, wife's obligation to provide support continues until Brian reaches the age of 21 pursuant to the provisions of section 4704. We believe husband has the better argument.

The point missed by wife is that section 4704 is addressed not to orders directed at a particular spouse, but rather to "[a]ny order . . . for support" made by the court. Under this statute, any such order issued prior to March 4, 1972, may be amended or modified without terminating the award at age 18. The interlocutory judgment which contained the original order for child support and constitutes the basis for the instant proceedings was entered prior to March 4, 1972, and provided for continuous support of Brian until he reached age 21. The August 1978 order for support from wife was noth-

ing more than a modification of the pre-March 1972 order. That the original order was directed at husband is irrelevant. The only fact of any importance is whether there was a pre-March 1972 order directing that child support be paid; if so, such order is subject to amendment or modification without automatic termination under the new age-of-majority legislation.[4]

■ The relevant history of the legislative scheme demonstrates the Legislature intended that, absent special circumstances, a support order entered prior to March 1972 was to continue in effect *as if the statutory reduction in the age of majority had not taken place.* (*Ganschow, supra,* 14 Cal.3d at p. 159.) "Suffice it to say that from the start in dealing with the reduction of the age of majority effected March 4, 1972, the Legislature manifested its intention that in orders or directions of a court affecting child support orders entered *prior* to March 4, 1972, a reference to 'age of minority' or 'minor' shall be deemed a reference to persons younger than *21 years* of age." (*Wodicka v. Wodicka, supra,* 17 Cal.3d 181, 185; italics in original.) Clearly, had there been no reduction of the age of majority, wife's duty to support Brian would have continued until he was 21. Thus, construing section 4704 so as to allow the court's August 1978 order to continue in effect until Brian reaches age 21 is consistent with the Legislature's stated intent that pre-March 1972 orders for support, even though later amended or modified, were to be unaffected by the change in the age of majority.

■ We reject wife's argument that because the original order for support was not directed at her, the August 1978 order constitutes a new order

---

[4]Although we have not found any California authority on point, a close case from a sister jurisdiction is *Carrick v. Carrick* (1980) 44 Ore.App. 327 [605 P.2d 1215]. Oregon law has been interpreted similar to that expressly provided for by Civil Code section 4704, i.e., that a child support order entered prior to the change in the law governing the age of majority may be amended or modified without affecting the duration of the order. (See *Lekas v. Lekas* (1975) 23 Ore.App. 601, 607-608 [543 P.2d 308, 311-312].) The facts in *Carrick* are straightforward. In 1961 the parties were divorced and custody of their son, Michael, was awarded to wife, with husband ordered to pay child support until the son's majority or further order of the court. In 1972 custody of Michael was awarded to the father and child support payments were terminated. In 1973 the Oregon Legislature changed the age of majority from 21 to 18. Thereafter, in October 1975, the original decree was again modified such that custody was returned to wife and husband was ordered to pay child support until Michael reached the age of majority. (605 P.2d at p. 1215.)

After Michael reached the age of 18, husband ceased making child support payments, maintaining that the October 1975 order that he pay support was a new order entered after the effective date of the change of the age of majority and that his obligation to provide child support ceased when Michael became 18. The *Carrick* court disagreed, asserting, in effect, that husband's legal duty to support Michael, as manifested by the initial order for support and as modified in October 1975, required that he pay support until Michael was 21. (605 P.2d at p. 1216; see generally, Annot., Statutory Change of Age of Majority as Affecting Pre-Existing Status or Rights (1977) 75 A.L.R.3d 228.)

Although some jurisdictions have reached the opposite result (see generally, Annot., Statutory Change of Age of Majority As Affecting Pre-Existing Status or Rights (1977) 75 A.L.R.3d 228), we conclude that the rule followed in Oregon and adopted here is the preferable one.

(i.e., one entered after March 4, 1972) and thus her obligation to provide support terminated when Brian reached age 18. It was unnecessary for the trial court, at the time of the interlocutory judgment, to enter a specific order that wife pay child support as her obligation to support Brian was met by her care for him while he was in her custody. Wife's support obligations under the original interlocutory judgment were perfectly clear: she was given *custody* of the minor children and hence the duty of their care and maintenance. Under California law, both the custodial and the noncustodial parent have "an equal responsibility to support and educate their child . . . ." (§ 196; *Faitz* v. *Ruegg* (1981) 114 Cal.App.3d 967, 972 [171 Cal.Rptr. 149]) Any subsequent order modifying either support or custody thus could not be described as a *new* child support order within the meaning of the statute. In *Ganschow*, as we have noted, the Supreme Court held that under the scheme set forth by the Legislature, there are two classifications of child support obligations, depending upon the date on which the *initial* order for support was entered. (14 Cal.3d at p. 158.) This anomalous situation need not be further complicated by attempting to blur the distinction between "modified" orders and "new" orders when it is clear the intent of the Legislature was that pre-March 1972 orders for child support continue to age 21. A totally unsatisfactory consequence of wife's reasoning would be that the duty of support for a child remaining in the care of the parent originally awarded custody would continue to age 21 while that of another child subsequently placed in the other parent's custody by a modified order would terminate at age 18. We decline to make such a perplexing riddle out of the statute. Because an order for child support was entered in this case prior to March 4, 1972, we hold the trial court's modification of that order to require wife to pay support did not affect the duration of the original order. Unless the order is otherwise lawfully modified, the duty to support Brian continues until he reaches 21.

The judgment (order) is affirmed.

Regan, Acting P. J., and Evans, J., concurred.