[Civ. No. 19492. First Dist., Div. One. Mar. 29, 1961.]

In re CANTON PLACER MINING COMPANY (a Corporation), in Voluntary Dissolution. CANTON PLACER MINING COMPANY (a Corporation), Respondent, v. STATE OF CALIFORNIA et al., Appellants.

614

Stanley Mosk, Attorney General, and W. R. Augustine, Deputy Attorney General, for Appellants.

Hilary H. Crawford and Hilary H. Crawford, Jr., for Respondent.

WOOD (Fred B.), J. pro tem.*—On August 14, 1956, during the course of proceedings for the dissolution of Canton Placer Mining Company, a corporation, a decree was rendered which found a balance on hand of $79,006.02 and ordered $65,000 "distributed . . . by way of partial distribution" to the stockholders, according to their respective stock holdings, specifying the amount each was to receive, declaring that said sum of $65,000 "shall be and is apportioned . . . and ordered paid out" in the several amounts therein set forth.

The decree also found that certain of the stockholders had disappeared or died and ordered that "liquidating dividends awarded . . . [to them] . . . shall be deposited forthwith pursuant to the provisions of section 5009 of the Corporations Code in the hands of the State Treasurer . . . . for a period of three years under the provisions of section 5011 of the

---

*Assigned by Chairman of Judicial Council.

Corporations Code . . . and if any such dividends shall be unclaimed within said period of three years then said liquidating dividends so unclaimed shall be reclaimed by the corporation and distributed under Court order in this proceeding, pro rata among the other stockholders who are shareholders of such corporation at the time of this distribution." No appeal has been taken from this decree.

After the expiration of three years, the corporation petitioned for refund of the deposits which remained unclaimed. Respondents (the Controller, the Treasurer and the State) interposed a general demurrer to the petition. It was overruled with leave to answer. Upon their declining to answer, an order was made granting the petition. Respondents thereupon appealed from the order.

Their sole attack is upon that portion of the 1956 decree which directed the refund, after three years, for distribution "pro rata among the other shareholders of such corporation at the time of this distribution." They concede that this is a proceeding in rem and that the decree binds them insofar as it is legally effective and final. They claim that the provisions for distribution after the lapse of three years were erroneous, interlocutory and ineffective. We are not persuaded. Our analysis convinces us that those provisions of the decree were in exact compliance with the then applicable provisions of law and are not now subject to attack, direct or collateral.

The following mandate of section 5011 of the Corporations Code applied and governed: "If no claimants have made satisfactory proof of title within three years from the time of deposit pursuant to section 5009 or 5010, the property so unclaimed shall be distributed pro rata among those others who were shareholders at the time of distribution and their successors . . ." (§ 5011 was added by Stats. 1955, ch. 1792, p. 3306 at p. 3308, effective July 8, 1955, and continued operating until repealed by Stats. 1957, ch. 1020, p. 2257 at p. 2258, effective September 11, 1957.) It was a restoration of the text of that section as it had existed from enactment of the code in 1947 (Stats. 1947, ch. 1038, p. 2309 at p. 2396) until repealed in 1953 (Stats. 1953, ch. 1686, p. 3415). The substance of its text appeared in the Civil Code as a part of section 403d thereof, from 1931 to 1947. (See Stats. 1931, ch. 862, p. 1762 at p. 1828; Stats. 1933, ch. 533, p. 1358 at p. 1413; Stats. 1941, ch. 509, p. 1820 at p. 1821; repealed, upon enact-

ment of the Corp. Code, by Stats. 1947, ch. 1038, p. 2309 at p. 2440.)

Respondents invoke section 1570 of the Code of Civil Procedure which operated to provide a larger claim period and ultimate escheat of unclaimed funds. That was probably true upon the repeal of section 5011 and amendment of section 1570 by chapter 1686 of 1953, but terminated as to liquidation dividends of a corporation, upon the reenactment of section 5011 in 1955. The provisions of section 1570 probably gained new life upon the amendment of that section and the second repeal of section 5011 by chapter 1020 of the Statutes of 1957. But we are concerned with the year 1956, during which occurred the proceedings that culminated in the `decree of August 14, 1956. During that period the above-quoted provisions of section 5011 were fully effective and operative, overriding the wholly inconsistent provisions of section 1570.

But, say the respondents, section 5011 was again repealed and section 1570 reinstated by chapter 1020, of the Statutes of 1957, effective September 11, 1957, prior to the expiration of the three-year period specified in the 1956 decree. It was, of course, quite competent for the Legislature to change the statute but not to amend or repeal the decree nor to abrogate the rights which had become vested pursuant to the decree.

 Next, the respondents argue that the distributive provisions of the decree were tentative and interlocutory, subject to further judicial action, to be governed by the law as it might exist at the time of such subsequent and final determination. We do not so view it. The 1956 decree expressly found and designated all of the stockholders, the number of shares of each and the amount of the liquidating dividends belonging to each, in terms of money. It ordered the aggregate amount of the dividends of the stockholders whose whereabouts were unknown paid to the State Treasurer, to be kept by him for payment over to them upon presentation of proof of title. Finally, it directed the State Treasurer to pay over to the corporation all dividends not claimed within three years.

This left nothing for further judicial determination except (1) the fact of the passage of three years and (2) the failure to present proper claims within three years. The future adjudication of those two questions would be in furtherance of the decree, not in diminution or modification of it. The declaration that the dividends unclaimed within the three years shall be "reclaimed by the corporation and distributed *under*

*Court order in this proceeding,* pro rata among the other stockholders who are shareholders of such corporation at the time of this distribution'' (emphasis added) clearly was a retention of jurisdiction to implement the decree, not to change it; to carry out and enforce its provisions, not to modify them.

This meets the test that "where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final . . ." (*Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11]. See also 30A Am.Jur. 240, Judgments, § 121.) Here, the 1956 decree left nothing to be determined except the amount of money remaining on deposit, unclaimed, after the lapse of three years.

The order is affirmed.

Bray, P. J., and Tobriner, J., concurred.