[No. B027755. Second Dist., Div. Seven. Feb. 9, 1989.]

In re the marriage of JOYCE ELLEN and LAURENCE DAVID GONZALES.
LAURENCE DAVID GONZALES, Appellant, v.
JOYCE ELLEN GONZALES, Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published follow.

**COUNSEL**

Starre & Cohn, Shelley L. Albaum, Seth D. Kramer and Harold J. Cohn for Appellant.

Lawrence Monson for Respondent.

OPINION

JOHNSON, J.—

. . . . . . . . . . . . . . . . . . . . . . . .*

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

On April 21, 1986, respondent Joyce Ellen Gonzales (Joyce) filed an ex parte application for wage assignment for support (the application) pursuant to Civil Code section 4701.[1] The application, which was filed under penalty of perjury, stated appellant Laurence David Gonzales (Laurence) was in arrears for child support payments in the amount of $1,425.32 as of April 15, 1986. The application requested an order directing Laurence's employer to deduct $100 per month from his wages for 14 months plus a final payment of $25.32. The application further requested Laurence's current child support payments of $900 also be deducted from his wages. The application stated Laurence was personally served with a notice of Joyce's intent to seek a wage assignment 15 days prior to the filing of the application.

On April 22, 1986, the trial court entered an order granting the application. The order provided "[t]he support payments are in arrears in the amount of $1,425.32 as of April 15, 1986." Laurence did not move to quash the order within the 10-day statutory period provided in section 4701, subdivision (b).

On August 29, 1986, over 90 days after the trial court's order granting the wage assignment, Laurence filed an application for an order showing cause (OSC) seeking, inter alia, a determination of the amount of arrears in child support and a termination of the wage assignment. In the declaration accompanying the OSC, Laurence stated he was not in arrears for child support. He further stated his wages have been garnished since May 1986.

On December 11, 1986, Joyce filed an application for an order to show cause seeking an increase in child support for her three children. The order to show cause was subsequently amended to request a "reasonable" increase in child support. Laurence opposed the requested increase.

The trial court heard both orders to show cause on February 27, 1987. The trial court ruled Laurence was barred from relitigating the amount of his arrears since the issue was conclusively determined by the April 22 wage assignment. The trial court further ordered child support to be increased

---

* See footnote, *ante,* page 1198.
[1] All statutory references are to the Civil Code unless otherwise indicated.

$100 per month, per child. The court made no statement concerning the duration of the support order.

Joyce's attorney was instructed to prepare an order on these issues for the court's signature. The proposed order provided child support was to continue "until the children respectively marry, die, become emancipated or further order of court. In the event any child does not complete the twelfth grade by his and/or her eighteenth birthday, then in that event child support shall continue until said child completes the twelfth grade, but in no event beyond said child's nineteenth birthday."

Laurence's attorney wrote the trial court objecting to this language arguing (1) the language goes beyond the court's verbal order, and (2) a trial court lacks jurisdiction to extend child support beyond a child's majority except in a separate proceeding. The trial court overruled these objections and signed the proposed order. Laurence timely appealed.

### DISCUSSION

I. *The trial court was empowered to apply section 196.5 when granting Joyce's motion for modification of child support.*

■ Laurence contends the trial court lacked jurisdiction to extend child support beyond his children's age of majority absent a separate proceeding brought pursuant to section 196.5. In the alternative, Laurence argues any extension of the duration of child support exceeded the scope of Joyce's motion. Accordingly, Laurence was not provided the proper notice and hearing on this issue. Both of these contentions are incorrect.

Section 196.5 provides: "The duty imposed by Section 196 shall continue to exist as to any unmarried child who has attained the age of 18, is a full-time high school student, and resides with a parent, until such time as he or she completes the 12th grade or attains the age of 19, whichever first occurs."[2]

Laurence argues section 196.5 does not apply to family law matters and may only be invoked in a separate proceeding. Laurence reasons that since the Legislature failed to specifically reference section 196.5 when it amended two other statutes which authorize the superior court to award child support, it evidenced an intent to exclude section 196.5 from such

---

[2] Section 196, subdivision (a) provides: "The father and mother of a child have an equal responsibility to support and educate their child in the manner suitable to the child's circumstances, taking into consideration the respective earnings or earning capacities of the parents."

jurisdiction. (See §§ 4700, 4351.) This inference is directly contradicted by section 196.5's actual legislative history.

When legislation to extend the parental obligation of child support beyond a high school student's age of majority was first proposed, the Legislature intended to limit its application solely to family law proceedings. (See Assembly Com. on Judiciary, Digest, Assem. Bill No. 716 (Apr. 22, 1985) p. 2; Assem. Bill No. 7 (Katz) 1983-1984 Session.) However, the bill was held in the Assembly Judiciary Committee because of concerns whether such a bill would violate the equal protection clauses of the state and federal Constitutions by treating parents and children of divorced families differently from those of intact families. (See Assem. Com. on Judiciary, Digest, Assem. Bill. No. 716, p. 2; Sen. Com. on Judiciary, Assem. Bill. No. 716 Com., p. 3; Sen. Rules Com., Assem. Bill. No. 716 (3d reading) p. 3.)

To overcome this obstacle, the Assembly enacted the current legislation which extends the parental obligation to both classes. The new legislation, however, was still intended to protect the children of divorced or separated parents who required support beyond the age of majority while they still attended high school. (*Ibid.*) Further, the Legislature intended section 196.5 to apply in proceedings where child support is at issue.

Based upon this legislative history it is manifest the superior court in a child support proceeding is authorized to extend a parent's support obligations in accordance with the provisions of section 196.5.[3]

■ Laurence further asserts he had no notice the duration of child support was at issue and, therefore, the trial court's extension of the child support obligations was improper. We disagree.

First, Laurence was provided notice of this issue. Joyce's application for an order showing cause concerning child support explained the nature of the proceeding in bold letters. It provided: "Notice. If you have children from this relationship, the court is required to order payment of child support based on the income of both parents. The amount of child support can be large. *It normally continues until the child is 18*. You should supply the court with information about your finances. Otherwise the child support

---

[3] Laurence correctly notes case law at one time held family law courts lacked jurisdiction to extend child support beyond a child's majority absent an independent action in the superior court. (See *Johnson* v. *Superior Court* (1984) 159 Cal.App.3d 573, 581 [205 Cal.Rptr. 605]; *In re Marriage of Lieberman* (1981) 114 Cal.App.3d 583, 586 [170 Cal.Rptr. 757].) However, these cases were decided prior to the enactment of section 196.5 and the amendments to sections 4701 and 4351 which now provide family law courts may order child support for adult children unable to maintain themselves by work. (See § 206.) Accordingly, these cases can no longer be considered viable.

order will be based on the information supplied by the other parent." (Italics added.)

By informing Laurence the order concerning child support generally extends until the child's age of majority, Laurence was apprised the issue of duration was a component of the request for modification of child support. Thus, Laurence was given adequate notice of the scope of the proceeding.

Second, it is implicit in every proceeding concerning the granting or modification of child support that the duration of such support is at issue. Further, in granting or modifying child support, courts are encouraged to incorporate the statutory provisions which govern the duration of such support into their orders. (See *Lang* v. *Superior Court* (1984) 153 Cal.App.3d 510, 512, fn. 1 [200 Cal.Rptr. 526].) This is exactly what the trial court did in this case. Thus, it acted properly in specifying the duration of the modified child support order.

II. *Laurence was barred by res judicata from relitigating the issue of his child support arrears.*[*]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The order denying Laurence's application for an order showing cause to determine the amount of child support arrearages is affirmed. The order modifying child support is affirmed. Respondent is to recover her costs on appeal.

Lillie, P. J., and Woods, (Fred), J., concurred.

---

[*] See footnote, *ante,* page 1198.