[No. H005158. Sixth Dist. July 19, 1989.]

JAY L. POLITZER, Plaintiff and Appellant, v.
LEO HIMMELSBACH, as District Attorney, etc., et al., Defendants
and Respondents;
BEVERLY POLITZER, Real Party in Interest and Respondent.

**COUNSEL**

Thomas E. Lowman for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Acting Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Josanna Berkow, Deputy Attorneys General, for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

## OPINION

**ELIA, J.**—Plaintiff and appellant Jay Politzer appeals from a denial of a petition for a writ of mandate. The petition sought to prohibit respondent district attorney from attempting to collect child support from appellant on behalf of appellant's 18-year-old son who was still in high school. Appellant contends that, once his son reached 18 years of age, he was entitled to a hearing pursuant to Civil Code section 196 et seq.[1] concerning further child support obligations. We disagree and therefore affirm.

### BACKGROUND

Orders arising out of appellant's 1977 dissolution of marriage proceeding obligated appellant to pay $250 per month to the Santa Clara County Family Support Trustee on behalf of his minor son. According to the final judgment, the obligation's duration was "until said child reaches the age of majority or further order of this court." Appellant ceased making the payments when his son reached majority. Respondent demanded continued child support from appellant until appellant's son graduates from high school or becomes 19 years of age. Appellant refused and instituted the within action.

### DISCUSSION

Section 196 provides that a father and mother have an equal responsibility to support and educate their child. Section 196.5 states: "The duty imposed by Section 196 shall continue to exist as to any unmarried child who has attained the age of 18, is a full-time high school student, and resides with a parent, until such time as he or she completes the 12th grade or attains the age of 19, whichever first occurs. This obligation may be enforced in the manner described in Section 196a." Section 196a provides, in part: "A civil suit to enforce such obligations may be maintained in behalf of a minor child, and in such action the court shall have power to

---

[1] All further statutory references are to the Civil Code.

order and enforce performance thereof, the same as in a suit for dissolution of marriage."

■■■ Appellant initially argues that the trial court which ordered him to pay child support lacks jurisdiction to extend child support beyond his son's age of majority absent a separate proceeding brought pursuant to section 196a. By inference, he claims respondent has no authority to collect further payments from him.

■■■ "[C]ase law at one time held family law courts lacked jurisdiction to extend child support beyond a child's majority absent an independent action in the superior court. [Citations.] However, these cases were decided prior to the enactment of section 196.5 and the amendments to sections 4701 [*sic*] and 4351 which now provide family law courts may order child support for adult children unable to maintain themselves by work. (See § 206.) Accordingly, these cases can no longer be considered viable." (*In re Marriage of Gonzales* (1989) 207 Cal.App.3d 1198, 1202, fn. 3 [255 Cal.Rptr. 336].)

Appellant disagrees with the analysis in *Gonzales*. His analysis is as follows.

Section 196.5 was enacted in 1985 and made effective July 30, 1985. (Stats. 1985, ch. 379, § 1, p. 1547.)

Sections 4700 and 4351 generally authorize the superior court in dissolution proceedings to determine child support obligations. They were amended in 1985, operative January 1, 1986. Prior to being amended, these sections referred only to the support of minor children. (Stats. 1980, ch. 1341, § 4, p. 4745; Stats. 1983, ch. 1159, § 1, p. 4383.) The amended statutes refer to minor children and children for whom support is authorized under section 206 (it is the duty of a father and mother of any person in need who is unable to maintain himself by work to maintain such person to the extent of their ability). The amended statutes do not refer to children for whom support is authorized under section 196.5.

Appellant claims that a section 196.5 child is distinct from a section 206 child because the former is an adult in high school while the latter is an adult unable to support himself. He infers that because the Legislature failed to specifically reference section 196.5 when it amended sections 4700 and 4351 it evidenced an intent to exclude section 196.5 from the jurisdiction of the family court.

We agree with the analysis of the court in *Gonzales* which concludes that the inference advocated by appellant is directly contradicted by the actual legislative history of section 196.5.

"When legislation to extend the parental obligation of child support beyond a high school student's age of majority was first proposed, the Legislature intended to limit its application solely to family law proceedings. [Citations.] However, the bill was held in the Assembly Judiciary Committee because of concerns whether such a bill would violate the equal protection clauses of the state and federal Constitutions by treating parents and children of divorced families differently from those of intact families. [Citations.] [¶] To overcome this obstacle, the Assembly enacted the current legislation which extends the parental obligation to both classes. The new legislation, however, was still intended to protect the children of divorced or separated parents who required support beyond the age of majority while they still attended high school. [Citation.] Further, the Legislature intended section 196.5 to apply in proceedings where child support is at issue. [¶] Based upon this legislative history it is manifest the superior court in a child support proceeding is authorized to extend a parent's support obligations in accordance with the provisions of section 196.5." (*In re Marriage of Gonzales, supra,* 207 Cal.App.3d at p. 1202, fn. omitted.)

We additionally observe that section 196.5 has little utility for intact families. While the statute authorizes a civil action, it strains the imagination to conceive of circumstances which would compel an unmarried, 18-year-old, full-time, high school student residing with both parents, to file a civil action for support. As a practical matter, child support for a section 196.5 child is at issue only in the context of a separation or dissolution proceeding.

■■■ Appellant secondarily contends that he is entitled to a hearing within the family law proceeding before his child support obligation is extended beyond his son's majority. ■■■ He argues he is automatically subjected to a liability in contravention of the final judgment and section 4811 (all orders for child support shall be law-imposed).

Appellant's analysis is misplaced.

■■■ Section 196.5 is self-operative. Its language plainly states: "The duty imposed by Section 196 shall continue to exist. . . ." Thus, if the conditions exist, the obligation for child support continues.

*Gonzales* does not hold that a hearing to extend support under section 196.5 is required. The hearing in that case was held because the spouse receiving child support put in issue the duration of child support by seeking a modification to increase the amount. In granting an increase, the trial court merely incorporated the statutory provisions governing the duration of child support into the order.

It is true that section 196.5 technically modified the terms of the prior judgment in this case. "Ordinarily the judgment of a court may not be modified or altered by legislative action [citations] because a judgment is a form of contract protected by the contract and due process clauses of the state and federal Constitutions." (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 363 [139 P.2d 908].) However, this rule refers to the abrogation of rights which have become vested pursuant to judicial decree. (*In re Canton Placer Mining Co.* (1961) 190 Cal.App.2d 613, 616 [12 Cal.Rptr. 65].) It has no application to child support orders which can be modified or revoked at any time. (*Rosher* v. *Superior Court* (1937) 9 Cal.2d 556, 559-560 [71 P.2d 918] [legislation raising the age of majority for females from 18 to 21 years could properly be applied to extend child support obligation under a decree of divorce entered prior to the effective date of such legislation]; cf. *Ganschow* v. *Ganschow* (1975) 14 Cal.3d 150, 161 [120 Cal.Rptr. 865, 534 P.2d 705] [*Rosher* does not prohibit the Legislature from exempting preexisting child support orders from legislation lowering the age of majority from 21 to 18 years]; *In re Marriage of Ludwig* (1976) 58 Cal.App.3d 744, 749-751 [130 Cal.Rptr. 234] [legislation terminating right to receive spousal support where spouse has marriage-like living arrangement could properly authorize restitution of support paid after effective date of statute as spouse has no vested right to retain support received after right terminated].)

The judgment is affirmed.

Capaccioli, Acting P. J., and Premo, J., concurred.