[No. G016480. Fourth Dist., Div. Three. July 27, 1995.]

In re the Marriage of DENISE M. LAMBE and CLEMENT T. MEEHAN.
DENISE M. LAMBE, Appellant, v.
CLEMENT T. MEEHAN, Respondent.

COUNSEL

Jeffrey W. Doeringer for Appellant.

John K. York for Respondent.

OPINION

WALLIN, J.—Denise Lambe filed an order to show cause for modification of a support order for her allegedly disabled adult child. Clement Meehan, Lambe's ex-husband and father of the child, filed a motion to dismiss the order to show cause based on a previous stipulation between Lambe and himself, which terminated support as of a definitive date and waived future family law court jurisdiction over support. The trial court granted the motion to dismiss, and Lambe appeals. We hold parents cannot agree to divest the family law court of jurisdiction over a support order for an adult indigent child. Accordingly, we reverse.

Lambe and Meehan divorced in 1975 while residing in California. Custody of their two-year-old son, Mark, was awarded to Lambe, and Meehan was ordered to pay $200 per month as child support. Shortly after the

conclusion of the dissolution proceedings Meehan moved to Virginia, where he has since continuously resided. In 1992, Lambe filed an action in the family law court seeking support for Mark, who was then 19, contending he was an adult disabled child entitled to support under former Civil Code section 206. The parties resolved the matter by a stipulation, signed by them and their respective counsel, which was approved by the court.

It provided that Meehan was to pay Lambe $665 per month as child support as long as Mark lived with her or in a "supervised independent living environment" until December 1, 1993. It continued: "No jurisdiction is reserved to pursue support beyond December 1, 1993 in this action or any other family law action, or any action initiated by the District Attorney through a URESA or RURESA type action. Any further action for adult child support would have to be initiated through an independent action with Mark as a plaintiff that is otherwise constitutionally permissible."

In 1994, six months after the expiration of the support obligation, Lambe filed an order to show cause in the family law court seeking to compel Meehan to contribute to the cost of maintaining Mark in Project Independence, an "assisted living and learning environment for disabled adults." She claimed Mark's part-time income and Social Security were insufficient to offset his tuition, living expenses, and training and health care costs. She argued the stipulation was void to the extent it purported to waive jurisdiction over a child support issue. Meehan responded by filing a motion to dismiss based on the previous stipulation, contending Lambe should be held to the terms of the agreement and Mark should be required to bring an independent action.

At the hearing on the motion, Lambe complained if Mark were required to file an independent action in California, Meehan would challenge personal jurisdiction and force them to litigate the matter in Virginia, an expensive and time-consuming option. The trial court granted the motion, however, finding that notwithstanding the "certain fortuity to factual circumstances," California had at least concurrent jurisdiction. "[I]t's not a question of whether or not this matter is going to be heard in California, it's a question whether it will be heard under the Family Law Act or a separate action needs to be filed." The trial court also awarded attorney fees of $500 to Meehan.

Lambe contends the parents of an adult indigent child cannot agree to divest the family law court of its jurisdiction over child support orders and the stipulation to do so must be considered void. We agree.

Both parents have a responsibility to maintain "a child of whatever age who is incapacitated from earning a living and without sufficient means."

(Fam. Code, § 3910.) Until recently, however, the jurisdiction of the family law court to order child support was limited to support for minor children. An independent action in the superior court to compel support for an adult indigent child by a parent or the child was the only available remedy. (See *Johnson* v. *Superior Court* (1984) 159 Cal.App.3d 573, 581 [205 Cal.Rptr. 605]; *In re Marriage of Lieberman* (1981) 114 Cal.App.3d 583, 586 [170 Cal.Rptr. 757]; Fam. Code, § 4000 (Civ. Code, former § 196.5).) ▪ In 1985, however, the Legislature amended former Civil Code section 4351 to provide that family law courts may order support for adult indigent children. (Stats. 1985, ch. 419, § 1, p. 1674.) This provision was carried over to the recently enacted Family Code in section 2010.[1]

Broadening the jurisdiction of the family law court in this way has the practical effect of allowing a parent to file a motion for an adult child support order in a pending family law action and avoid the delays and expense of a separate civil suit. (*In re Marriage of Gonzales* (1989) 207 Cal.App.3d 1198 [255 Cal.Rptr. 336]; 2 Adams & Sevitch, Cal. Family Law Practice (9th ed. 1994) § M.1.0.1.2, p. M-23.)[2]

▪ Parents cannot agree to limit the power of the family law court with respect to the welfare of children. "The rule is repeated in case after case: parties to a divorce cannot abridge the court's ability to act on behalf of the children, either by direct attempts to terminate the court's power, or by attempts to deny attorney's fees where needed to institute or defend against actions for modification of child custody or support orders." (*In re Marriage of Joseph* (1990) 217 Cal.App.3d 1277, 1284-1285 [266 Cal.Rptr. 548].) But cases applying this rule all concern *minor* children, not adult indigent ones. (See, e.g., *In re Marriage of Ayo* (1987) 190 Cal.App.3d 442, 451 [235 Cal.Rptr. 458]; *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020 [230 Cal.Rptr. 203]; *Lucachevitch* v. *Lucachevitch* (1945) 69 Cal.App.2d 478 [159 P.2d 688].)

▪ These cases and others convince us that the policy underlying stipulations involving minor children must be extended to adult indigent children. The roots of the policy were articulated in *Lucachevitch* v. *Lucachevitch, supra,* 69 Cal.App.2d 478: "This continuing jurisdiction [over child

---

[1]Section 2010 provides, "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has jurisdiction to inquire into and render any judgment and make orders that are appropriate concerning the following: [¶] . . . [¶](c) The support of children for whom support may be ordered . . . ." Such children include adult indigent children. (Fam. Code, §§ 58, 3910.)

[2]This procedural convenience inures only to the parties to the family law proceeding, i.e., the husband and wife (Cal. Rules of Court, rule 1211); the child's independent remedy to compel support remains a separate civil action against one or both parents. (Fam. Code, §§ 4000, 4001.)

support] is vested in the court, and is to be exercised, in the interests of children. It is their right to have the court hear and determine all matters which concern their welfare and they cannot be deprived of this right by any agreement of their parents. The welfare of children is of interest to the state. The Legislature has fixed the period within which such powers may be exercised by the courts as that of the minority of the children, and it is not within the power of the court to fix a shorter period." (*Id.* at pp. 484-485.) Inasmuch as the Legislature has recently expanded the powers of the family law court to include support orders for adult indigent children, the power of the court during the adult child's incapacity cannot be compromised.

Meehan argues the *parens patriae* role of the family law court vis-à-vis minor children should not be extended to adult indigent children. He points out such a child has the independent remedy of a separate civil suit. But any child to whom a duty of support is owed has that remedy, including minor children. (Fam. Code, § 4000 [Civ. Code, former § 196.5].) Courts have found the existence of that remedy insufficient to preclude the continuing jurisdiction of the family law court over the support of minor children. The public policy underlying the rule is not solely paternalistic, it is fiscal as well. The duty to support children of any age is legislatively designed "to protect the public from the burden of supporting a person who has a parent . . . able to support him or her." (*Chun* v. *Chun* (1987) 190 Cal.App.3d 589, 594 [235 Cal.Rptr. 553]; see also *In re Marriage of Ayo*, *supra*, 190 Cal.App.3d at p. 451 ["[T]he clear and strong policy of this state [is] that a parent must support his children."].)

We are aware that the stipulation between Lambe and Meehan was approved by their counsel and ratified by a superior court judge. But such circumstances have not insulated similar agreements from being void as against public policy. In *Ayo*, the mother had entered into a postjudgment stipulation agreeing to hold the father harmless from any claims regarding their minor child. The agreement was signed by the parties and their counsel, and signed and entered by the trial court. When the mother later sought child support and attorney fees, the trial court enforced the stipulation and denied her attorney fees. The appellate court reversed: "First of all, the parental obligation to pay child support is not an ordinary debt; it is a court-imposed obligation to provide for one's child. [Citations.] Second, to uphold [the father's] contention would mean that the broad powers of the courts regarding the support of minor children could be thwarted by the subterfuge of an indemnity provision in a contract between the parties." (*In re Marriage of Ayo*, *supra*, 190 Cal.App.3d at p. 451.) And in *Goodarzirad*, in a court-approved stipulation, the mother waived child support and agreed to indemnify the father from future child support orders in exchange for the father's

waiver of rights to custody and visitation. The court stated, "[S]tipulations between parents involving the minor children which attempt to divest the court of jurisdiction are void and the doctrine of estoppel does not apply." (*In re Marriage of Goodarzirad, supra*, 185 Cal.App.3d at p. 1026.)

Our decision merely allows the question of Mark's status as an adult indigent child to be litigated expeditiously in a court with jurisdiction. The judgment of the trial court granting the motion to dismiss and awarding attorney fees is reversed.[3]

Sills, P. J., and Rylaarsdam, J.,* concurred.

---

[3]Both parties cite a recently enacted federal statute (28 U.S.C. § 1738B), each urging it supports his or her position. The statute seeks "to establish national standards under which the courts of the various States shall determine their jurisdiction to issue a child support order and the effect to be given by each State to child support orders issued by the courts of other States." (Pub.L. No. 103-383 (Oct. 20, 1994) § 2(b), 108 Stat. 4063.) It is not relevant to the issue before us.

*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.